Leon MARSHALL, Appellant,
(Defendant Below),

v.

STATE of Indiana, Appellee,
(Plaintiff Below).

No. 2–385A58.

Court of Appeals of Indiana,
Second District.

June 19, 1986.

Theodore D. Wilson, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Leon W. Marshall appeals his conviction of possession of a controlled substance (marijuana) as a class D felony[1] and the determination he is a habitual substance offender.[2] He asserts the conviction is erroneous because 1) it is not sustained by sufficient evidence of his knowing possession, and his motion for mistrial was erroneously denied. He also claims error in the adjudication he is a habitual substance offender, contending the charged prior convictions are not substance offenses.[3] We affirm in part and reverse in part.

Marshall walked into some bushes by a littered alleyway, bent down and picked up a brown paper bag. He exited the bushes and started in the direction of his parked

1. Ind.Code Ann. § 35–48–4–11 (Burns Repl. 1985)

2. Ind.Code Ann. § 35–50–2–10 (Burns Repl. 1985)

3. Marshall's asserted error involving the admission of state's exhibits 3, 5 and 7, is subsumed within our reversal of the habitual substance offender determination.

automobile when he noticed he was under observation by Officer Stan Pratt of the Indianapolis Police Department. Marshall then threw the bag back into the bushes. Officer Pratt arrested Marshall and retrieved the bag. It contained 181.6 grams of marijuana.

## I.

▮ Marshall argues the record is devoid of evidence he either knowingly possessed the marijuana contained in the bag or had exclusive possession of the bag from which his knowledge could be inferred. Addressing these contentions in reverse order Marshall's denial of exclusive possession borders on the frivolous. The undisputed evidence reveals Marshall had actual and exclusive possession of the bag on his person. Further, Marshall's selection and retrieval of the particular bag in question from a generally littered area, coupled with his abrupt abandonment of the bag upon observing the watching police officer constitutes sufficient evidence of probative value from which the probative value from which the fact finder could and did reasonably conclude beyond a reasonable doubt, Marshall knowingly possessed the bag and its contents. *See Garner v. State* (1975), 163 Ind.App. 573, 325 N.E.2d 511.

## II.

▮ Marshall claims trial court error in its denial of his motion for mistrial based upon prosecutorial misconduct. During opening statements, the Deputy Prosecutor referred to Marshall's answer, "What sack" in response to the question, "Whats [sic] in the sack" propounded at the scene by the arresting officer. The answer previously had been ordered suppressed by the trial court pursuant to Marshall's motion.

First, the issue is not preserved for appeal because Marshall failed to make a contemporaneous objection and motion for mistrial.. *Dack v. State* (1983), Ind.App., 457 N.E.2d 600. *See Cox v. State* (1985), Ind., 475 N.E.2d 664 (failure to object in a timely manner to prosecutorial comments made during *voir dire* and closing argu-

ment results in failure to preserve alleged error for appellate review). In any event, when the motion for mistrial was finally made, the trial court admonished the jury statements and remarks of counsel were not evidence. The jury was similarly instructed by a court-given preliminary instruction. Such action presumably cured any prejudice to Marshall inherent in the state's, misconduct unless, despite the curative measures, the misconduct was such as to place Marshall in grave peril. Marshall fails to make a convincing showing or argument the state's misconduct probably impacted upon the verdict. *See generally Davis v. State* (1981) 275 Ind. 509, 418 N.E.2d 203.

## III.

Marshall argues the trial court erred in denying his motion for judgment on the evidence at the conclusion of the habitual substance offender proceeding. He argues the prior convictions introduced in support of the sentence enhancement were insufficient because they were possession offenses. The state replies possession of marijuana is an "abuse" and or "use" within the meaning of the enhancement statute, Ind.Code § 35–50–2–10 (1983).

The habitual substance offender statute in effect when Marshall was tried provides in pertinent part:

" 'Substance offense' means a Class A misdemeanor or Class D felony in which the *use, abuse, delivery, transportation, or manufacture of alcohol or drugs* is a material element of the crime.

(b) The state may seek to have a person sentenced as an habitual substance offender for any substance offense by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated substance offense convictions."

I.C. § 35–50–2–10 (emphasis supplied). On its face this statutory definition of the term "substance offense" does not include the crime of *possession* of alcohol or drugs although "use, abuse, delivery, transportation, or manufacture" can not exist without possession. But possession, also a crime,

is not mentioned. "[W]hen the legislature provides a definition of a word, courts are bound by it, regardless of other possible meanings attributable to the word." *Ware v. State* (1982), Ind.App., 441 N.E.2d 20, 23, *tran. denied. See also Department of State Revenue v. Crown Co.* (1952), 231 Ind. 449, 109 N.E.2d 426; *State v. Grange* (1929), 200 Ind. 506, 165 N.E. 239. Indeed, some authorities have held "[a] statutory definition which declares what a term 'means' ... excludes any meaning that is not stated." *Colautti v. Franklin* (1979), 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (quoting 2A *C.D. Sands, Sutherland Staturoty Construction* § 47.07 (4th ed. Supp.1978)).

This habitual substance offender statute is plainly penal in nature and must be construed against the State. *Pennington v. State* (1981), Ind., 426 N.E.2d 408; *Cape v. State* (1980), 272 Ind. 609, 400 N.E.2d 161. Penal statutes "cannot be enlarged by construction, implication, or intendment beyond the fair meaning of the language used." *Gore v. State* (1983), Ind.App., 456 N.E.2d 1030, 1033.

Not only must penal statutes be strictly construed, but like any statute, they are subject to another aid in construction, *expressio unius est exclusio alterius.* This maxim says "[w]hen certain items are specified or enumerated in the statute, then, by implication other items not so specified are excluded." *Wardship of Turrin* (1982), Ind.App., 436 N.E.2d 130, 132. *See also State ex rel. Donahue v. Trustees of Firemen's Pension Fund* (1937), 211 Ind. 643, 7 N.E.2d 196; *Common Council of Peru v. Peru Daily Tribune, Inc.* (1982), Ind.App., 440 N.E.2d 726; 2A *N.J. Singer, Sutherland Statutory Construction* § 47.23 (1984).

■ Thus, a combination of these two rules of construction, *expressio unius est exclusio alterius* and strict construction of penal statutes, leads inescapably to the conclusion possessory offenses are not included within the ambit of the habitual substance offender statute, and the trial court necessarily erred in enhancing the penalty. Our conclusion is further bolstered by a recent amendment to the habit-

ual substance offender statute that now specifically includes possession. The amended version reads "'substance offenses' means a Class A misdemeanor or Class D felony in which the *possession,* use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime." Ind.Code Ann. § 35-50-2-10 (Burns Supp.1985) (emphasis supplied). With no indication to the contrary, we may presume the legislature intended a change. *Van Orman v. State* (1981), Ind.App., 416 N.E.2d 1301.

Thus, as a matter of law, Marshall's sentence for his underlying conviction could not be enhanced under the the the version of the habitual substance offender statute in effect at the time of his trial. There could be no enhancement for a prior conviction of possession.

Affirmed as to Marshall's conviction of possession of a controlled substance and reversed as to his sentence enhancement as an habitual offender. Remanded to the trial court for further proceedings consistent herewith.

SULLIVAN, J., concurs in result.

MILLER, J., sitting by designation, concurs.