**William B. ROBERTS, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 86A04–9908–PC–340.

Court of Appeals of Indiana.

March 14, 2000.

Transfer Denied May 25, 2000.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Brien, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge

William B. Roberts appeals the sentence he received as a result of his conviction of Operating a Vehicle While Intoxicated (OWI),[1] a class A misdemeanor, Operating a Vehicle While Intoxicated, With a Prior Conviction,[2] a class D felony, Possession of Paraphernalia,[3] a class A misdemeanor, and the determination that Roberts was an Habitual Substance Offender.[4] Robertson presents the following restated issue for review:

> May the trial court twice enhance the penalty for a single offense of operating a vehicle while intoxicated?

We affirm.

The undisputed facts are that, stemming from a March 27, 1997 traffic stop, Roberts was charged with OWI, operating a vehicle with a blood-alcohol content of .10%, OWI with a prior OWI offense within the previous five years, possession of paraphernalia, driving while suspended, speeding, a seatbelt infraction, and being an habitual substance offender. On February 11, 1998, Roberts pled guilty to OWI, OWI with a prior OWI offense, and possession of paraphernalia, and admitted to being an habitual substance offender. In exchange for Roberts's guilty plea, the State agreed to drop the remaining charges.

The trial court accepted the plea agreement and entered judgment of conviction accordingly. It appears that the court combined the two OWI counts into one class D felony conviction in the abstract of judgment and for sentencing purposes. Therefore, we will hereafter refer to the two OWI offenses as a single, D-felony, OWI offense. The court sentenced Roberts to a term of three years for the OWI offense, a term of six months for the drug paraphernalia offense, to run concurrent with the sentence for the OWI offense, and enhanced the conviction by five years, with six months suspended, as a result of Roberts's habitual offender status. Roberts appeals the sentence imposed by the trial court.[5]

The court enhanced the conviction for OWI to a D felony on the basis that Roberts had been convicted of an OWI offense within the preceding five years, i.e., an October 3, 1994 conviction. The court also used the same October 3, 1994 conviction as a predicate offense for the determination that Roberts was an habitual substance offender. Roberts contends that the trial court erred in so doing.

■ Roberts concedes that, in *Weida v. State*, 693 N.E.2d 598 (Ind.Ct.App.1998), *trans. denied* (Sullivan, J., dissenting), this

1. Ind.Code Ann. § 9–30–5–2 (West 1992).

2. IC § 9–30–5–3 (West 1992).

3. Ind.Code Ann. § 35–38–4–8.3 (West 1998).

4. Ind.Code Ann. § 35–50–2–10 (West 1998).

5. Oral argument was conducted before this court on February 16, 2000, in Indianapolis, Indiana.

court resolved this issue against the position he advocates in this appeal. He argued eloquently before this court, however, that the holding in *Weida* was wrong, and he asks us to reject that decision. We accept Roberts's invitation to revisit *Weida*, although not for the purpose of rejecting it. Rather, we conclude that *Weida* was correctly decided, and take this opportunity to expand on its analysis.

We begin with our supreme court's decision in *Freeman v. State*, 658 N.E.2d 68 (Ind.1995). In *Freeman*, the defendant was convicted of operating a vehicle while intoxicated. This offense was enhanced to a class D felony pursuant to Ind.Code Ann. § 9–11–2–3 (repealed, now codified at IC § 9–30–5–3) because he had previously been convicted of operating a vehicle while intoxicated. Freeman also was found to be an habitual substance offender pursuant to IC § 35–50–2–10. The same prior conviction served both to enhance the OWI to a class D felony, and as a predicate offense for the habitual substance offender adjudication. Freeman claimed upon appeal that the General Assembly did not intend that the habitual substance offender enhancement should apply to OWI offenses, and therefore the second enhancement was improper.

The supreme court noted that both the habitual substance offender statute and statutes dealing with repeat OWI offenders prescribed progressive punishment schemes. The supreme court summarized the issue as follows: "As the language of Section 35–50–2–10 and Chapter 9–11–2 [now codified at Chapter 9–30–5] reveals, a person convicted of repeat offenses may be subject to the progressively severe punishments of both statutes. The question is whether the legislature intended such a result." *Freeman v. State*, 658 N.E.2d at 70.

Noting that the two statutory schemes addressed the same subject and therefore were in *pari materia*, the court sought to harmonize the statutes. The court concluded, however, that such was difficult:

The two statutes at issue are difficult to harmonize. Both constitute a progressive scheme of justice which attaches at the defendant's first O.W.I. conviction. Construing these statutes somehow to operate consecutively would eliminate each statute's language pertaining to its starting point—the first conviction. Construing them as running concurrently negates the enhancement effect of the conviction with the shorter sentence. We therefore turn to the question of which enhancement the General Assembly intended courts to employ for O.W.I. repeaters.

*Id.* at 70. The court noted that Chapter 9–11–2 specifically addressed offenses that combined the use of alcohol with the activity of driving a vehicle. On the other hand, Section 30–50–2–10 "broadly defines the substances and activity which triggers the habitual offender enhancement, and does not contain progressive punishments based on the frequency or severity." *Freeman v. State*, 658 N.E.2d at 70. From this, the court concluded that, because Chapter 9–11–2 was the more detailed of the two statutory schemes, the General Assembly intended that Chapter 9–11–2 should supercede Section 35–50–2–10 for repeat OWI offenses.

Finally, the court noted that its holding in *Freeman* was consistent with a previous decision addressing a similar issue. The previous case to which the court referred, *Stanek v. State*, 603 N.E.2d 152 (Ind.1992), also held that the General Assembly did not intend to impose punishments under both the general habitual substance offender statute and a statute specifically addressing repeat OWI offenses. The *Stanek* holding, like the holding in *Freeman*, was based upon the fact that Chapter 9–11–2 was a "discreet, separate, and independent habitual offender statute", *Stanek v. State*, 603 N.E.2d at 153–54, while Section 35–50–2–10 was general in nature and did not specifically include driving offenses. In a companion case decided on the same day as *Freeman*, the

supreme court clarified that, "[I]n the absence of clear legislative language to the contrary, such double enhancement cannot be permitted." *Devore v. State* 657 N.E.2d 740 (Ind.1995).

*Freeman* was decided on November 22, 1995. During the next legislative session, specifically on March 14, 1996, the Indiana House of Representatives approved P.L. 97–1996, Section 5 of which amended IC § 35–50–2–10(2) by adding the language appearing in bold typeface below:

"Substance offense" means a Class A misdemeanor or a felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime. **The term includes an offense under IC § 9–30–5 and an offense under IC § 9–11–2 (before its repeal July 1, 1991).**

[Emphasis supplied.] One week later, the Indiana Senate passed its version of the amendment, P.L. 96–1996. Section 8 of P.L. 96–1996 contained the same language as is bolded above. Eventually, the bills became law and were made effective as of July 1, 1996.

In *Weida v. State,* 693 N.E.2d 598 (Ind. Ct.App.1998), this court was again asked to overturn a double enhancement for an OWI offense, one enhancement arising under IC § 35–50–2–10 and the other arising under IC § 9–30–5–3. The *Weida* court noted that, shortly after *Freeman* was decided, the Indiana General Assembly amended IC § 35–50–2–10 as set out previously. The court concluded that the language added by P.L. 95–1996 and P.L. 97–1196 clearly manifested the General Assembly's intent that a sentence enhancement under both provisions was proper.

Turning now to the instant case, Roberts contends that, contrary to the *Weida* court's conclusion, the 1996 amendment did not evince a legislative intent to allow double enhancements. We note that a portion of Roberts's argument in this regard closely tracks the rationale espoused by the dissent in *Weida.* According to the dissent, by including OWI offenses in IC § 9–30–5, the General Assembly made the general habitual substance offender statute broader, but not more specific. Thus, according to the dissent, IC § 9–30–5 remains the more specific of the two schemes, reflecting a legislative intent that punishment should be imposed under it, rather than IC § 35–50–2–10. We do not agree with the *Weida* dissent's, and thus Roberts's, assessment of the meaning and import of the 1996 amendment to IC § 35–50–2–10.

First, we cannot ignore the chronology of which the 1996 amendment is a part. Prior to July 1, 1996, IC § 35–50–2–10(b) provided: "The state may seek to have a person sentenced as a habitual substance offender for any substance offense by alleging, on a page separate from the rest of the charging instrument, that the person has accumulated two (2) prior unrelated substance offense convictions." On November 22, 1995, the supreme court in *Freeman* noted that the statutory definition of "substance offense", as set out above, did not specifically include OWI offenses. The court determined that the omission was significant, especially in view of the specific inclusion of OWI offenses in IC § 9–30–5. The court concluded that such reflected a legislative intent that OWI enhancements were to be meted out only under IC § 9–30–5. The next session of the Indiana General Assembly convened slightly more than one month later. During that session, and within approximately four months of the *Freeman* decision, the House of Representatives and the Senate passed a law that amended the definition of "substance offense" in IC § 35–50–2–10 to include OWI offenses.

At oral argument before this court, Roberts's counsel urged this court to adopt the view of the *Weida* dissent and hold that the amendment merely added new offenses, such as OWI and operating a vehicle with at least .10% by weight of alcohol in the blood, to those previously included in the statute. We disagree with Rob-

erts's assessment of the amendment's meaning and import. Given the supreme court's holding in *Freeman,* and considering the timing of the amendment, we conclude that the amendment was a direct response to the Freeman holding that IC § 35–50–2–20 was not specific enough to include OWI within its ambit. Such evinces the General Assembly's intent that double enhancements are proper. *See Jones v. State,* 457 N.E.2d 231 (Ind.Ct. App.1983).

Apart from the timing of the amendment, we are convinced that the language of IC § 35–50–2–10, as amended, reflects the General Assembly's intent that double enhancements are appropriate. In *Devore v. State,* 657 N.E.2d 740, the supreme court stated that, with regard to OWI offenses, Chapter 9–30–5 supercedes Section 35–50–2–20 because the former is more definite and specific than the latter. Similarly, although the supreme court in *Freeman* found the two statutes difficult to harmonize, it primarily based its holding that the General Assembly did not intend to impose double enhancements on the observation that one statute specifically mentioned OWI offenses and the other did not. The 1996 amendment eliminated that discrepancy, making section 35–50–2–10 just as specific as chapter 9–30–5 in subjecting OWI offenses to the enhancement contained therein.

We note also that the amendment to IC § 35–50–2–10 explicitly included within the meaning of "substance offense" all offenses listed in Chapter 9–30–5, which includes the enhanced, D-felony offense set out in IC § 9–30–5–3. It is clear to us that, by including a conviction under IC § 9–30–5–3 within the general habitual substance offender statute's definition of "substance offense," the General Assembly evinced its intent that such convictions may also serve as a predicate offense in a general substance offender adjudication. This necessarily means that a person may receive an enhanced conviction under IC § 9–30–5–3, and that enhanced offense may also be used as a predicate offense in a habitual substance offender determination.

We acknowledge that the amendment may not have changed the supreme court's view that the statutes are difficult to harmonize, but the fact remains that this problem was not the primary basis for the supreme court's decision that double enhancements could not stand. Put another way, regardless of whether the statutes were difficult to harmonize, the supreme court indicated that double enhancement was permissible so long as the General Assembly expressed an intent that such should be done.

We now turn our attention to the significance of *Weida v. State,* 693 N.E.2d 598 in our deliberations. In *Weida,* this court examined the question of whether double enhancements were proper following the 1996 amendment to IC § 35–50–2–10. The analysis centered upon *Freeman.* We noted the supreme court's conclusion, after examining the language of the pre-amendment version of IC § 35–50–2–10, that the General Assembly did not intend to enhance OWI offenses under both IC § 9–30–5 and IC § 35–50–2–10. We determined that the supreme court's conclusion in this regard was based upon the fact that IC § 35–50–2–10 did not specifically include OWI offenses within the definition of "substance offenses". Shortly thereafter, we believe in response to *Freeman,* the General Assembly amended IC § 35–50–2–10 to specifically include OWI offenses within the definition of "substance offenses." The *Weida* court concluded that, in view of the *Freeman* holding, the General Assembly had amended IC § 35–50–2–10 in such a way as to clearly express its intent that double enhancements are appropriate for OWI offenses.

█ The dissent in *Weida* opined that, even after the amendment, IC § 9–30–5 remained more specific than IC § 35–50–2–10. Therefore, according to the dissent, the General Assembly did not cure the lack of specificity in IC § 35–50–2–10 that served as the basis of the supreme court's

holding in *Freeman*. First, we cannot agree with the dissent's view that adding OWI offenses to IC § 35–50–2–10 made the statute "broader not more specific." *Weida v. State*, 693 N.E.2d at 602 (Sullivan, J., dissenting). At least in this context, we do not agree that "broader" and "more specific" are mutually exclusive. That is, in adding offenses to be included in the definition of the phrase, "substance offenses," the General Assembly broadened the statute generally. At the same time, however, it made the statute *more specific* in that particular by itemizing the added offenses. Second, there is no need to compare the two statutory provisions with regard to specificity unless we discern a legislative intent to enhance under only one or the other. *See Freeman v. State*, 658 N.E.2d 68. In such cases, enhancement under the more specific of two statutes will be proper where the General Assembly has expressed its intent to enhance pursuant to only one provision. *See id.*

 Finally, we note that the supreme court denied the defendant's request for transfer in *Weida*. We are aware that when the supreme court denies a petition for transfer, it is not necessarily approving either the result or the reasoning in that case, because the petition may not place the issue in question squarely before the supreme court. *See Citizens Independent Telephone Co. v. Davis*, 229 Ind. 217, 97 N.E.2d 490 (1951). Nevertheless, we may ascribe some meaning to the denial of transfer. This is especially so where, as here, there was a dissenting opinion in the court of appeals case which focused exclusively on the issue that is later called into question.

In summary, a trial court may enhance an OWI offense to a class D felony under IC § 9–30–5–3. We agree with the majority in *Weida* that, as a result of the 1996 amendment to IC § 35–50–2–10, that same conviction may then serve as a predicate offense for purposes of imposing an habitual substance offender enhancement under IC § 35–50–2–10. Therefore, the double enhancement of Roberts's sentence was proper.

Judgment affirmed.

STATON, J., and DARDEN, J., concur.