**STATE of Indiana, Appellant–Plaintiff,**

v.

**Brian W. DOWNEY, Appellee–Defendant.**

No. 79A05–0010–CR–415.

Court of Appeals of Indiana.

April 6, 2001.

Transfer Granted June 28, 2001.

---

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Karen M. Freeman–Wilson, Attorney General of Indiana, Stephen R. Creason, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Bruce W. Graham, Trueblood & Graham P.C., Lafayette, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant–Plaintiff, State of Indiana (State), appeals the trial court's interlocutory order granting Appellee–Defendant Brian W. Downey's (Downey) motion to dismiss the State's habitual substance offender information.

We affirm.

### *ISSUE*

The State raises the following issue on interlocutory appeal: whether the trial court properly dismissed the State's habitual substance offender count against Downey.

### *FACTS AND PROCEDURAL HISTORY*

On December 6, 1999, the State charged Downey with Count I, possession of marijuana, as a Class A misdemeanor, Ind. Code § 35–48–4–11; Count II, possession of marijuana while having a prior marijuana conviction, as a Class D felony, Ind. Code § 35–48–4–11; Count III, reckless possession of paraphernalia, a Class A misdemeanor, Ind.Code § 35–48–4–8.3; and Count IV, information of habitual substance offender, Ind.Code § 35–50–2–10. Specifically, the information for Count II, possession of marijuana with a prior marijuana conviction, a Class D felony, reads in pertinent part as follows:

> On or about the 13th day of November, 1999, in Tippecanoe County, State of Indiana, Brian W. Downey did knowingly or intentionally possess marijuana, pure or adulterated, while having a prior conviction involving marijuana, to wit: Possession of Marijuana, in the White Superior Court (91D01–9308–CM–410), White County, State of Indiana, on or about the 19th day of October, 1993....

(R. 9). Additionally, the information for Count IV, habitual substance offender reads in pertinent part as follows:

> Brian W. Downey, having committed a substance offense as alleged in Counts I and II, is an Habitual Substance Offender for the reason that said Brian W. Downey has accumulated at least two

prior unrelated substance offense convictions, to wit:

On or about the 20th day of April, 1990, the said Brian W. Downey was convicted in the Newton Superior Court, Newton County, State of Indiana, of the offense of operating While Intoxicated, a substance offense, committed in Newton County,· State of Indiana, on or about the 13th day of April, 1990, for which conviction the said Brian W. Downey was sentenced on or about the 20th day of April, 1991;

Further, on or about the 19th day of October, 1993, the said Brian W. Downey was convicted in the White Superior Court, White County, State of Indiana, of the offense of Possession of Marijuana, a substance offense. Committed in White County, State of Indiana, on or about the 14th day of August, 1993, for which conviction the said Brian W. Downey was sentenced on or about the 19th day of October, 1993;

Further, on or about the 25th day of September, 1995, the said Brian W. Downey was convicted in the Tippecanoe County Court, Tippecanoe County, State of Indiana, of the offense of Operating While Intoxicated While Having a Prior Conviction for Operating While Intoxicated, a substance offense, committed in Tippecanoe County, State of Indiana, on or about the 8th day of July, 1994, for which conviction the said Brian W. Downey was sentenced on or about the 25th day of September, 1995. . . .

(R. 12).

On July 14, 2000, Downey filed a Motion to Dismiss Information of Habitual Substance Offender, claiming that the underlying information for possession of marijuana, as a Class A misdemeanor, once elevated to a Class D felony due to a prior marijuana conviction, cannot again be en-

hanced under the general Habitual Substance Offender statute.

The trial court conducted a hearing on Downey' motion to dismiss on August 1, 2000. At the hearing, the State orally moved to amend the Habitual Substance Offender information to strike the White County conviction for possession of marijuana from the allegation, but the trial court denied that motion. Following the hearing, the trial court granted Downey's motion and dismissed the Habitual Substance Offender count.

On August 2, 2000, the State filed a praecipe for the transcript of the hearing on Downey's motion to dismiss. On August 16, 2000, the State filed a Motion to Correct Errors and a Motion to Certify Questions for Interlocutory Appeal. On August 24, 2000, the trial court granted the State's Motion to Certify Questions for Interlocutory Appeal.

On October 23, 2000, this court granted the State's Petition for Interlocutory Appeal, and accepted jurisdiction of this appeal.

## DISCUSSION AND DECISION

The State argues that the trial court improperly dismissed the habitual substance offender information prior to trial because the legislature intended to permit double enhancement for marijuana possession: once to a Class D felony for a prior marijuana conviction, and an additional enhancement under the habitual substance offender statute. On the other hand, Downey argues that the trial court properly dismissed the habitual substance offender count because the State was prohibited from enhancing Downey's marijuana possession charge a second time under the habitual substance offender statute. Specifically, Downey contends that the State could only enhance his charge once to a Class D felony, under the more specific

marijuana possession statute, rather than once again, under the more general habitual substance offender statute. We agree.

A person commits the crime of possession of marijuana when:

> A person who: (1) knowingly or intentionally possesses (pure or adulterated) marijuana, hash oil, or hashish; (2) knowingly or intentionally grows or cultivates marijuana; or (3) knowing that marijuana is growing on his premises, fails to destroy the marijuana plants; commits possession of marijuana, hash oil, or hashish, a Class A misdemeanor. However, the offense is a Class D felony (i) if the amount involved is more than thirty (30) grams of marijuana or two (2) grams of hash oil or hashish, or (ii) if the person has a prior conviction of an offense involving marijuana, hash oil, or hashish.

Ind.Code § 35–48–4–11. Additionally, the State may seek an habitual substance offender determination for any substance offense "by alleging . . . that the person has accumulated two (2) prior unrelated substance offense convictions." Ind.Code § 35–50–2–10(b). A person is an habitual substance offender if the State proves beyond a reasonable doubt that the person has accumulated two (2) prior unrelated substance offense convictions. Ind.Code § 35–50–2–10(e).

Here, the State charged Downey with possession of marijuana as a Class D felony because Downey had a prior unrelated conviction involving marijuana including his present charge of marijuana possession, as a Class A misdemeanor. The State also charged Downey with being a habitual substance offender because Downey had accumulated at least two prior unrelated substance offense convictions.

Downey relies on our supreme court's decision in *Ross v. State,* 729 N.E.2d 113 (Ind.2000), for the proposition that a conviction enhanced under its own specific enhancement scheme may not be further enhanced under the habitual substance offender statute. In that case, the defendant was convicted of a misdemeanor violation of Indiana's handgun statute. *Id.* at 114. Further, because the defendant had an earlier felony conviction, his misdemeanor conviction was enhanced to a Class C felony. *Id.* Finally, the trial court found that the defendant was an habitual offender and added a penalty under the general habitual offender statute. *Id.* The defendant argued that it was improper to sentence him under two different sentence enhancement schemes, and our supreme court agreed, holding that:

> In light of the statutory construction favoring more specific statutes as opposed to more general ones . . . a misdemeanor conviction under the handgun statute, once elevated to a felony due to a prior felony conviction, should not be enhanced again under the general habitual offender statute.

*Id.* at 117.

In *Ross,* our supreme court determined that the issue was whether a conviction once enhanced by the specific sentencing scheme of the handgun statute can be enhanced again by the general habitual offender statute. *Id.* at 116. Further, the court found that the habitual offender statute can be viewed as being as broad as the habitual substance offender statute because "[e]nhancement possibilities under each statute can be based on any kind of felony, or any kind of substance offense." *Id.* The court in *Ross* reasoned that the handgun statute can be viewed as the more specific statute while the general habitual offender statute remains a general prohibition on repeat offenses regardless of the activity involved. *Id.* (citation omitted).

As a result, the court in *Ross* held that when faced with a general statute and a specific statute on the same subject, the more specific one should be applied, and therefore, the trial court should not have used an already enhanced handgun conviction as the basis for further enhancement under the general habitual offender statute. *Id.* (citation omitted).

Using the analysis employed by *Ross*, the marijuana possession statute can be viewed as the more detailed and specific statute while the general habitual substance offender statute is a general prohibition on repeat offenses encompassing alcohol and drugs. Specifically, possession of marijuana as a Class A misdemeanor can only be enhanced to a Class D felony if the person has a prior marijuana possession conviction. On the other hand, a person can be found to be a habitual substance offender if the State proves beyond a reasonable doubt that the person has accumulated two prior unrelated substance offense convictions of any nature. Further, the court in *Ross* found that the habitual offender statute can be viewed as being as broad as the habitual substance offender statute. *Id.*

Therefore, based upon our supreme court's holding in *Ross*, we hold that in light of the statutory construction favoring more specific statutes as opposed to more general ones, a misdemeanor charge under the marijuana possession statute, once elevated to a Class D felony due to a prior marijuana possession conviction, should not be enhanced again under the general habitual substance offender statute.

## CONCLUSION

Based on the foregoing, the trial court properly dismissed the State's habitual substance offender count against Downey.

Affirmed.

DARDEN, J., concurs.

ROBB, J., dissents with opinion.

ROBB, Judge, dissenting.

I respectfully dissent from the majority's conclusion that the trial court properly dismissed the habitual substance offender information against Downey as an improper second enhancement.

The majority relies upon the supreme court's decision in *Ross v. State.* I acknowledge that *Ross* held that a handgun conviction already enhanced from a Class A misdemeanor to a Class D felony could not be further enhanced by the general habitual offender statute. 729 N.E.2d at 115. However, both the facts of *Ross* and the statutes at issue therein are distinguishable from the facts and statutes presented here. *Ross* involved the general habitual offender statute, Ind.Code § 35–50–2–8, whereas here, the habitual *substance* offender statute is implicated. Ind. Code § 35–50–2–10. The distinction is significant.

In *Freeman v. State,* our supreme court held that the legislature did not intend for a defendant to be punished under both the statute enhancing operating while intoxicated to a Class D felony and the habitual substance offender statute. 658 N.E.2d 68, 71 (Ind.1995). The habitual substance offender statute provides that a defendant who commits two unrelated substance offenses is subject to a sentence enhancement of up to eight years upon conviction for his third unrelated substance offense. At the time *Freeman* was decided, the habitual substance offender statute defined "substance offense" to be any "Class A misdemeanor or Class D felony involving the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs." Because there was no clear legislative intent to include OWI offenses in the

definition of a "substance offense," double enhancement was not permitted. *Id. See also Devore v. State,* 657 N.E.2d 740, 742 (Ind.1995). Thereafter, the legislature amended section 35–50–2–10 to add more specific language to the statutory definition of a "substance offense": the term now specifically includes "an offense under IC 9–30–5. . . ." The new, amended definition encompasses all offenses listed in Indiana Code chapter 9–30–5, including the Class D felony enhancement. In *Weida v. State,* this court held that the amendment expressed the clear legislative language found to be absent in *Freeman* and *Devore.* 693 N.E.2d 598, 601 (Ind.Ct.App. 1998), *trans. denied.* Therefore, under the amended statute, double enhancement of an OWI conviction both as a Class D felony and as an habitual substance offender was proper. *Id. See also Roberts v. State,* 725 N.E.2d 441, 446 (Ind.Ct.App.2000), *trans. denied, Weaver v. State,* 702 N.E.2d 750, 752 (Ind.Ct.App.1998). *Ross* held that the general habitual offender statute "can be viewed as being as broad as the [pre-amendment] habitual substance offender statute in *Freeman.*" 729 N.E.2d at 116. The general habitual offender statute has not been amended in this respect. Thus, *Ross* is not the appropriate test by which to judge Downey's charges.

The *Freeman/Weida* lines of cases are not directly applicable here, as Downey was charged with possession of marijuana enhanced to a Class D felony and also with being an habitual substance offender. However, in a similar vein to the operating while intoxicated cases, it appears that the habitual substance offender statute has been amended in relation to possession offenses as well. An earlier version of the statute defined a substance offense to be "a Class A misdemeanor or Class D felony in which the use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime." Ind. Code § 35–50–2–10(a) (1983). In *Marshall v. State,* this court noted that "[o]n its face this statutory definition of the term 'substance offense' does not include the crime of possession of alcohol or drugs although 'use, abuse, delivery, transportation, or manufacture' can not exist without possession. But possession, also a crime, is not mentioned." 493 N.E.2d 1317, 1318–19 (Ind.Ct.App.1986). Because the statutory definition of a "substance offense" did not specifically include "possession" offenses, and because the predicate offense relied upon in charging the defendant as an habitual substance offender were possession offenses, we held that the defendant's sentence could not be enhanced pursuant to the statute. Subsequently,[1] the statutory definition of a "substance offense" was amended to specifically include offenses in which the possession of a drug was a material element. Ind.Code § 35–50–2–10(a) (1985).

Because the habitual substance offender statute now specifically references "possession" in the definition of a "substance offense," and because the statute had been amended to so say, there is a clear indication of legislative intent to impose double punishment pursuant to the habitual substance offender statute for any offense alleging possession of a drug. Thus, the State properly charged Downey with being an habitual substance offender, and the

---

1. The statute was actually amended some time prior to the decision in *Marshall,* but after Marshall's trial and conviction. The court was constrained to apply the statute in effect at the time of Marshall's trial in determining whether he was subject to the habitual substance offender enhancement. The *Marshall* court referenced the amendment and cited it as further support for its holding that the statute, as originally written, did not include possession offenses.

trial court improperly dismissed the information. I would reverse and remand for further proceedings.