**Robert K. SCHNEPP, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A02–0109–CR–593.**

Court of Appeals of Indiana.

May 30, 2002.

---

Earl McCoy, Lafayette, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Robert K. Schnepp ("Schnepp") was charged with operating a vehicle while intoxicated, as a Class A misdemeanor,[1] operating a vehicle while intoxicated, as a Class D felony,[2] operating left of center, an infraction,[3] a seat belt violation, an infraction,[4] and with being an habitual substance offender[5] in Tippecanoe Superior Court. Schnepp filed two Motions to Dismiss the habitual substance offender count because a prior operating while intoxicated conviction was used to support both the D felony operating while intoxicated count and the habitual substance offender count. His motions were denied. Schnepp has filed this interlocutory appeal, arguing that the trial court erred when it denied his Motions to Dismiss the habitual substance offender count because it allegedly subjects Schnepp to an improper double enhancement of his sentence if he is convicted. We disagree and affirm the trial court in all respects.

### Facts and Procedural History

On June 25, 1987, Schnepp was convicted of operating while intoxicated in the County Court of Tippecanoe County ("the 1987 OWI conviction"). Also, on April 25, 1997, Schnepp was convicted of operating while intoxicated in that same court ("the 1997 OWI conviction"). On January 12, 2001, a Lafayette police officer initiated a traffic stop of an automobile, which was operated by Schnepp, after the officer ob-

---

1. Ind.Code § 9–30–5–2 (1998 & Supp.2002).

2. Ind.Code § 9–30–5–3 (1998 & Supp.2002).

3. Ind.Code § 9–21–8–2 (1992).

4. Ind.Code § 9–19–10–2 (1992).

5. Ind.Code § 35–50–2–10 (1998 & Supp. 2002).

served that Schnepp's vehicle was being operated left of center, and that Schnepp was not wearing a seat belt. During the traffic stop, the officer noted that Schnepp's eyes were red and glassy and his speech was slurred. Therefore, the officer gave Schnepp several field sobriety tests, which he failed. Appellant's App. p. 8.

As a result of the traffic stop, Schnepp was charged with operating a vehicle while intoxicated, as a Class A misdemeanor, operating a vehicle while intoxicated, as a Class D felony, operating left of center, an infraction, a seat belt violation, an infraction, and with being an habitual substance offender in Tippecanoe Superior Court. In the charging information, the State sought to have Schnepp's original charge of operating while intoxicated enhanced from a Class A misdemeanor to a Class D felony based on Schnepp's prior 1997 OWI conviction. Also, the State charged Schnepp with being an habitual substance offender based on the 1987 OWI conviction and the 1997 OWI conviction used to enhance Schnepp's charge to a Class D felony.

On May 21, 2001, Schnepp filed his initial Motion to Dismiss the habitual substance offender count and argued that the State could not rely upon the same prior offense (the 1997 OWI conviction) to both enhance the charge of operating while intoxicated to a Class D felony, and to charge Schnepp with being an habitual substance offender. Appellant's App. p. 17. After a hearing was held on the motion, and before the trial court had ruled on it, Schnepp filed a second Motion to Dismiss. The trial court denied Schnepp's first Motion to Dismiss on July 20, 2001, and the second Motion to Dismiss was denied on August 8, 2001.

On August 9, 2001, Schnepp filed a request for certification of the trial court's orders denying his Motions to Dismiss the

habitual substance offender count for interlocutory appeal. The trial court granted his request, and on September 25, 2001, our court accepted jurisdiction of this interlocutory appeal.

## Discussion and Decision

■ Schnepp argues that the trial court erred when it denied his Motions to Dismiss the habitual substance offender count because it subjects Schnepp to an improper double enhancement of his sentence if he is convicted. This issue is a question of law, and we therefore review the matter de novo. *Wilcox v. State*, 748 N.E.2d 906, 909 (Ind.Ct.App.2001), *trans. denied.*

Our courts have considered this issue on numerous occasions in several guises in recent years. In *Freeman v. State*, 658 N.E.2d 68, 69 (Ind.1995), the defendant was convicted of operating while intoxicated, the offense was enhanced to a Class D felony, and he was also found to be an habitual substance offender pursuant to Indiana Code section 35–50–2–10. *Id.* The same prior conviction served to enhance the OWI to a Class D felony, and served as a predicate offense for the habitual substance offender adjudication. *Id.* On appeal, the defendant argued that the General Assembly "did not intend the habitual substance offender enhancement to apply to O.W.I. convictions" and alleged that "the second enhancement was therefore improper." *Id.*

On transfer, our supreme court held that the habitual substance offender statute was a general statute which "broadly define[d] the substances and activity which trigger[ed] the habitual substance offender enhancement," whereas the enhancement provision in the operating while intoxicated statute was "more detailed and specific," and therefore, the operating while intoxicated statute superseded the more general habitual substance offender statute. *Id.* at

71. The court concluded that the only enhancement to which the defendant should have been subjected was the enhancement from a Class A misdemeanor to a Class D felony under the operating while intoxicated sentencing scheme of progressive punishment. *Id.* In *Devore v. State,* 657 N.E.2d 740 (Ind.1995), the companion case to *Freeman,* our supreme court clarified that "in the absence of clear legislative language to the contrary, such double enhancement cannot be permitted." *Id.* at 742.

Within months of the *Freeman* and *Devore* decisions, during the next legislative session, the General Assembly amended the habitual substance offender statute by defining the term "substance offense" to include an offense under Indiana Code chapter 9–30–5, which describes the penalties for operating while intoxicated, and an offense under Indiana Code chapter 9–11–2 (before its repeal on July 1, 1991). *See Roberts v. State,* 725 N.E.2d 441, 444 (Ind. Ct.App.2000), *trans. denied.* As a result of the amendment, our court has issued three opinions holding that the new amendment to the habitual substance offender statute "clearly manifested the General Assembly's intent that a sentence enhancement under both provisions was proper." *Id.* (citing *Weida v. State,* 693 N.E.2d 598, 601 (Ind.Ct.App.1998), *trans. denied* ); *see also Weaver v. State,* 702 N.E.2d 750, 752 (Ind.Ct.App.1998).

In *Roberts,* the defendant argued that the amendment to the habitual substance offender statute "merely added new offenses, ... to those previously included in the statute." *Roberts,* 725 N.E.2d at 444. He also agreed with the dissenting opinion in *Weida* that the sentencing enhancement in the operating while intoxicated statute "remains the more specific of the two schemes, reflecting a legislative intent that punishment should be imposed under it," rather than the habitual substance offender statute. *Id.* (citing *Weida,* 693 N.E.2d at 602). We rejected those arguments for two reasons: 1) the timing of the amendment to the habitual substance offender statute, and 2) our firm belief that the amendment reflected the General Assembly's intent that double enhancements are appropriate. *Id.* at 445. Our court found that

> [i]n adding the offenses to be included in the definition of the phrase "substance offenses," the General Assembly broadened the statute generally. At the same time, however, it made the statute more specific in that particular by itemizing the added offenses.[6]

*Id.* at 446.

Schnepp argues that our court's holdings in *Weida, Weaver,* and *Roberts,* were essentially abrogated by our supreme court's decision in *Ross v. State,* 729 N.E.2d 113 (Ind.2000), and this court's decision in *Conrad v. State,* 747 N.E.2d 575 (Ind.Ct.App.2001), *trans. denied.* In *Ross,* our supreme court considered the issue of "whether a conviction once enhanced by the specific sentencing scheme of the handgun statute can be enhanced again by

---

**6.** We also noted that transfer was denied in *Weida,* the first case decided under the amended statute, which reached the same conclusion as the *Roberts* court. The *Roberts* court stated,

> [w]e are aware that when the supreme court denies a petition for transfer, it is not necessarily approving either the result or the reasoning in that case, because the petition may not place the issue in question

squarely before the supreme court. Nevertheless, we may ascribe some meaning to the denial of transfer. This is especially so where, as here, there was a dissenting opinion in the court of appeals case which focused exclusively on the issue that is later called into question.

*Id.* (citation omitted). We also observe that transfer was denied in *Roberts.*

the general habitual offender statute." *Ross*, 729 N.E.2d at 116. The court found that the habitual offender statute was a broad statute, like the unamended habitual substance offender statute discussed in *Freeman* because "[e]nhancement possibilities under each statute can be based on any kind of felony, or any kind of substance offense." *Id.* The court also noted that the handgun statute contains "a more severe penalty for a repeat violation and for specific circumstances." *Id.*

The *Ross* court held that the handgun statute is more detailed and specific than the general habitual offender statute, and therefore, agreed with the defendant that a trial court should not "use an already enhanced handgun conviction as the basis for further enhancement under the general habitual offender statute." *Id.* In reaching this holding, the court also discussed the Rule of Lenity, and stated

> [b]eyond the rule of construction that places specific statutes ahead of general ones, when a conflict arises over the question of imposing a harsher penalty or a more lenient one, the longstanding Rule of Lenity should be applied. "It is a familiar principal that statutes which are criminal or penal in their nature or which are in derogation of a common-law right must be strictly construed." Also, "where there is ambiguity it must be resolved against the penalty."

*Id.* (internal citations omitted).

In *Conrad*, we considered the issue of whether the supreme court's decision in *Ross* "should effectively preclude enhancement under the 'general' habitual offender statute of Conrad's sentence for unlawful possession of a firearm by a serious violent felon." *Conrad*, 747 N.E.2d at 592. Based primarily on the discussion of the Rule of Lenity in *Ross*, we determined that

> the focus in "double enhancement" sentencing cases involving the "general" ha-

bitual offender statute seemed to shift in *Ross* from whether the present crime of which the defendant was convicted was part of a "specific" habitual offender or anti-recidivist statutory scheme (defined here as one which provides progressively harsher penalties based on repeated violations of that particular statutory scheme), to whether the defendant's sentence for the present conviction was enhanced on any basis, or at the very least whether the sentence was already enhanced because of a defendant's prior conviction or convictions of any kind.

*Id.* at 593–94. We then held that "absent express clarification from our legislature or our supreme court," and in light of the discussion of the Rule of Lenity in *Ross*, "a defendant convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the defendant was a 'serious violent felon.' " *Id.* at 594–95.

Schnepp argues that because of the *Conrad* court's conclusion that there has been a shift in the analysis of double enhancement sentencing cases after *Ross*, "*Weida*, *Weaver*, and *Roberts* no longer have any applications. All cases involving 'double enhancements' must now be analyzed under *Ross*." Br. of Appellant at 21. We disagree.

The statute at issue in *Ross* (and *Conrad*) was the general habitual offender statute found at Indiana Code section 35–50–2–10, and that statute is separate and distinct from the habitual substance offender statute at issue in this case. The general habitual offender statute provides that the State "may seek to have a person sentenced as a habitual *offender for any felony* by alleging . . . that the person has accumulated two (2) *prior unrelated felony*

*convictions.*" Ind.Code § 35–50–2–8 (1998 & Supp.2002) (emphasis added). By contrast, the habitual substance offender statute allows the State to "seek to have a person sentenced as a *habitual substance offender* by alleging ... that the person has accumulated two (2) *prior* unrelated *substance offense convictions*[,]" and the term "substance offense" is specifically defined and includes an offense under Indiana Code chapter 9–30–5. Ind.Code § 35–50–2–8 (1998 & Supp.2002) (emphasis added). As stated above, by amending the habitual substance offender statute to include offenses under chapter 9–30–5, the General Assembly expressed its intention that a sentence enhancement under both the habitual substance offender statute and the operating while intoxicated statute was proper. *See Roberts,* 725 N.E.2d at 444.

■ We also disagree with Schnepp's argument that the Rule of Lenity requires a reversal in this case. Unlike the circumstances in *Ross* and *Conrad,* which dealt with a general and a specific statute, in this case, we have two specific statutes, which are not ambiguous. *See Burrus v. State,* 763 N.E.2d 469, 472 (Ind.Ct.App. 2002), *trans. denied* (the Rule of Lenity does not apply if the trial court is not faced with an ambiguity between a harsher penalty and a lesser penalty on the same

subject).[7] Also, the timing and substance of the amendment to the habitual substance offender statute reflects the General Assembly's intent to allow double enhancements. Finally, we note that on at least two occasions, our supreme court has had the opportunity to reject our holdings in *Weida, Weaver,* and *Roberts,* and has refused to do so. *See* supra note 6.

We therefore find that our decisions in *Weida, Weaver,* and *Roberts* are dispositive of the issue before us, and that double enhancements under the habitual substance offender statute and the operating while intoxicated statute are proper. The trial court did not err when it denied Schnepp's Motions to Dismiss the habitual substance offender count.[8]

Affirmed.

BARNES and KIRSCH, JJ., concur.

---

**7.** The Rule of Lenity has no application where courts are presented with statutory provisions, which are unambiguous on their face, and with a legislative history that gives the court no reason to pause over the manner in which such provisions should be interpreted. *Albernaz v. U.S.,* 450 U.S. 333, 342, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *see also U.S. v. Fischer,* 205 F.3d 967, 971 (7th Cir.2000).

**8.** Schnepp also argues that allowing the State to elevate Schnepp's OWI charge from a Class A misdemeanor to a Class D felony and to

impose an habitual substance offender sentencing enhancement based on the same prior conviction would result in a denial of equal protection under Article I, Section 23 of the Indiana Constitution. Schnepp's argument is based solely on our court's holding in *State v. Downey,* 746 N.E.2d 374 (Ind.Ct.App.2001), *trans. granted.* However, transfer was granted in that case on June 28, 2001, and that opinion has been vacated. Therefore, we need not address this argument. *See* Ind. Appellate R. 58(A).