**STATE of Indiana, Appellant,**

v.

**Brian W. DOWNEY, Appellee.**

**No. 79S05–0106–CR–314.**

Supreme Court of Indiana.

June 28, 2002.

Steve Carter, Attorney General of Indiana, Stephen R. Creason, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Bruce W. Graham, Trueblood & Graham, P.C., Attorney for Appellee.

### ON PETITION TO TRANSFER

SULLIVAN, Justice.

Although the general rule is that a sentence imposed following conviction under a progressive penalty statute may not be increased further under either the general habitual offender statute or a specialized habitual offender statute absent explicit legislative direction, we hold that the Legislature has directed that such an enhancement be permitted the circumstances of this case.

#### Background

Defendant was charged on December 6, 1999, with possession of marijuana, a Class A misdemeanor,[1] possession of marijuana while having a prior conviction, a Class D felony,[2] and reckless possession of para-

---

1. Ind.Code § 35–48–4–11 (1998).

2. *Id.*

phernalia,[3] a Class A misdemeanor. He was also charged as being a habitual substance offender.[4]

Prior to trial, Defendant moved to dismiss the habitual substance offender charge. After a hearing on the motion, the trial court dismissed the habitual substance offender information, and the Court of Appeals affirmed on interlocutory appeal, *State v. Downey*, 746 N.E.2d 374 (Ind.Ct.App.2001).

The Court of Appeals held that "a misdemeanor charge under the marijuana possession statute, once elevated to a Class D felony due to a prior marijuana possession conviction, should not be enhanced again under the general habitual substance offender statute." *Downey*, 746 N.E.2d at 378. The Court of Appeals relied heavily on this Court's decision in *Ross v. State*, 729 N.E.2d 113 (Ind.2000), where we held that where a defendant's misdemeanor violation of Indiana's handgun statute was enhanced to a Class C felony because of a prior felony conviction, it was improper for the trial court to impose the enhancement contained in Indiana's general habitual offender sentencing statute.

We granted transfer. *Downey v. State*, 753 N.E.2d 17 (Ind.2001) (table).

### Discussion

The State contends that the trial court erred in granting Defendant's motion to dismiss the habitual offender count. Specifically, the State argues that it was not improper to elevate Defendant's marijuana possession charge to a Class D felony and charge him as a habitual substance offender, predicating the habitual substance offender enhancement on the already enhanced possession charge.

The proper resolution of this case requires at least a brief review of the way in which both the appellate courts and the Legislature have dealt with imposing more severe sentences than would otherwise be the case on individuals who have proven to be repeat or "habitual" criminals. Both branches of government have acted with frequency in this area, sometimes in the sort of "dialogue" of which Chief Justice Abrahamson and Mr. Hughes have famously written. *See* Shirley S. Abrahamson and Robert L. Hughes, *Shall We Dance? Steps for Legislators and Judges in Statutory Interpretation*, 75 Minn. L.Rev. 1045, 1055 (1991) (discussing how court decisions can provoke a legislative response followed by additional court decisions—a sort of "dance" or "dialogue").

The Legislature has enacted three types of statutes that impose more severe sentences than would otherwise be the case on individuals who have proven to be habitual criminals. The interrelationship of these statutes has required judicial interpretation that has, in turn, prompted the Legislature to amend the statutes.

*General habitual offender statute.* The first type of these statutes is the general habitual offender statute, Ind.Code § 35–50–2–8, under which a person convicted of three unrelated felonies on three separate occasions are called "habitual offenders" and can be subjected to an additional term of years beyond that imposed for the felonies.

*Specialized habitual offender statutes.* The second type of these statutes is more specialized. Under this type, a person convicted of a multiple number of certain closely related offenses can be subjected to an additional term of years beyond that imposed for the offenses. At issue in this case, and in several of the previous opinions of this court discussed *infra*, is the

---

**3.** *Id.* § 35–48–4–8.3.

**4.** *Id.* § 35–50–2–10.

"habitual substance offender" statute, Ind. Code § 35–50–2–10. Here the Legislature has provided that a person convicted of three unrelated "substance offenses" on three separate occasions can be subjected to an additional term of years beyond that imposed for the offenses. Other examples of specialized habitual offender statutes are Ind.Code § 9–30–10–4 ("habitual traffic violator") and Ind.Code § 35–50–2–14 ("repeat sexual offender").

*Progressive penalty statutes.* The third type of these statutes is even more specialized. Under this type, the seriousness of a particular charge (with a correspondingly more severe sentence) can be elevated if the person charged has previously been convicted of a particular offense. At issue in this case, or in several of the previous opinions of this court discussed *infra*, are the following progressive penalty statutes:

—Ind.Code § 35–48–4–11, under which the Class A misdemeanor possession of marijuana charge can be charged as a Class D felony if the person charged has a prior conviction of an offense involving marijuana.

—Ind.Code § 9–30–10–16 & 17 (formerly § 9–12–3–1 & 2), under which the Class D felony operating a motor vehicle while driving privileges suspended can be charged as a Class C felony if the person charged has a prior conviction for operating while suspended.

—Ind.Code § 9–30–5–2 & 3 (formerly § 9–11–2–2 & 3), under which the Class A misdemeanor operating a motor vehicle while intoxicated can be charged as a Class D felony if the person charged has a prior conviction for operating while intoxicated.

—Ind.Code § 35–47–2–23(c)(2)(B), under which the Class A misdemeanor carrying a handgun without a license can be charged as a Class C felony if the person charged has been convicted of a felony within fifteen years before the date of the offense.

In a series of decisions over the last ten years, our court has held that, *absent explicit legislative direction,* a sentence imposed following conviction under a progressive penalty statute may not be increased further under either the general habitual offender statute or a specialized habitual offender statute. (We highlight the "absent explicit legislative direction" proviso as it is dispositive in the case before us.)

In *Stanek v. State,* the defendant had been convicted and sentenced under a progressive penalty statute and then that sentence had been enhanced under the general habitual offender statute. 603 N.E.2d 152 (Ind.1992). Specifically, the defendant was charged and convicted of operating a motor vehicle while his driving privileges were suspended. This charge had been elevated to a Class C felony (from a Class D felony) because the defendant had previously been convicted of operating while suspended. The trial court then used the general habitual offender statute to increase further the sentence for the Class C felony. We held that further increase to be impermissible. We found that the Legislature's intent in creating the "discrete, separate, and independent" system for enhancing the sentences of habitual violators of traffic laws was that those sentences not "be subject to further enhancement under the general habitual offender statute." *Id.* at 153–54.

*Freeman v. State* and *Devore v. State* were cases where the defendants had been convicted and sentenced under a progressive penalty statute and then their sentences had been further increased under the specialized habitual offender statute for "habitual substance offenders." *Freeman,* 658 N.E.2d 68 (Ind.1995); *Devore,* 657 N.E.2d 740 (Ind.1995). Specifically,

the defendants were charged and convicted of operating motor vehicles while intoxicated. These charges had been elevated to Class D felonies (from Class A misdemeanors) because the defendants had previously been convicted of operating while intoxicated. The trial court then used the specialized habitual offender statute for "habitual substance offenders" to increase further the sentence for the Class D felony. As in *Stanek*, we held that further increase to be impermissible. We found that in the progressive penalty statute, because it provided "progressively severe penalties for defendants who are repeatedly convicted of operating a vehicle while intoxicated," *Freeman*, 658 N.E.2d at 70, the Legislature created a punishment scheme markedly different from that in the habitual substance offender statute which "does not contain progressive punishments based on frequency or severity." *Freeman*, 658 N.E.2d at 71. We concluded that the defendants could be subjected only to the more specific punishment scheme, citing the rule of statutory construction that directs that a more specific statute will supersede a more general one. *Id.* (citing *Sanders v. State*, 466 N.E.2d 424, 428 (Ind.1984)).

As this court noted in *Haymaker v. State*, 667 N.E.2d 1113 (Ind.1996), after *Freeman* and *Devore*, the Legislature modified the habitual substance offender statute to provide that prior convictions for operating vehicles while intoxicated, including those where the charge had been elevated because of a prior conviction, could serve as predicate offenses for habitual substance offender enhancements. In so responding to *Freeman* and *Devore*, the Legislature made specific reference to Ind. Code § 9–30–10, the section of the code dealing with operating vehicles while intoxicated. As such, the amendment did not affect any other progressive penalty statutes.

*Ross v. State* was another case like *Stanek* where the defendant had been charged and convicted under a progressive penalty statute and then that sentence had been increased further under the general habitual offender statute. 729 N.E.2d 113 (Ind. 2000). Specifically, the defendant was convicted of carrying a handgun without a license. The charge had been elevated to a Class C felony (from a Class A misdemeanor) because the defendant had been convicted of a felony involving a handgun within the preceding 15 years. The trial court then used the general habitual offender statute to increase further the sentence for the Class C felony. Following *Stanek*, *Freeman*, and *Devore*, we again found that further increase to be impermissible. Because the sentencing scheme under which the handgun charge was elevated was more detailed and specific than the general habitual offender statute, the more specific sentencing scheme was applicable. We said:

> Beyond the rule of construction that places specific statutes ahead of general ones, when a conflict arises over the question of imposing a harsher penalty or a more lenient one, the long-standing Rule of Lenity should be applied. "It is a familiar principle that statutes which are criminal or penal in there nature or which are in derogation of a common-law right must be strictly construed." *State v. Pence*, 173 Ind. 99, 104, 89 N.E. 488, 490 (1909). Also, "where there is ambiguity it must be resolved against the penalty ..." *Dowd v. Sullivan*, 217 Ind. 196, 203, 27 N.E.2d 82, 85 (1940).

*Ross*, 729 N.E.2d at 116.[5]

In the case before us today, Defendant has been charged under a progressive pen-

---

**5.** After *Ross*, Professor Schumm reported that

an effort might be made in the 2001 legisla-

alty statute and we are asked whether the sentence for a conviction on that charge may be further increased under the specialized habitual offender statute for "habitual substance offenders." In this respect, the case is more like *Freeman* and *Devore* (which also involved the habitual substance offender statute) than like *Stanek* and *Ross* (which involved the general habitual offender statute) although, as we have seen, the general rule is the same. That is, *absent explicit legislative direction,* a sentence imposed following conviction under a progressive penalty statute may not be increased further under either the general habitual offender statute or a specialized habitual offender statute. The situation in this case has a charge elevated to a Class D felony (from a Class A misdemeanor) because Defendant had previously been convicted of possession of marijuana. Therefore, under the general rule, the trial court would not be able to use either the general habitual offender statute or a specialized habitual offender statute *absent explicit legislative direction.*

In her dissent in the Court of Appeals, Judge Robb argued that there is explicit legislative direction here and we agree with her analysis. *Downey,* 746 N.E.2d at 378 (Robb, J., dissenting). As noted, the specialized habitual offender statute invoked here is Ind.Code § 35–50–2–10, applicable to "habitual substance offenders." That statute, by its terms, permits a habitual substance offender enhancement to be imposed on a person convicted of three unrelated "substance offense[s]." *Id.* at § 10(b). "Substance offense" is defined to include "a Class A misdemeanor or a felo-

ny in which the possession ... of ... drugs is a material element of the crime." *Id.* at § 10(a)(2). By its specific inclusion of drug possession misdemeanors and felonies in the category of offenses that are subject to habitual substance offender enhancement, we find the Legislature intended to authorize such an enhancement notwithstanding the existence of the drug possession progressive penalty statute. This contrasts, of course, with the situations discussed in *Stanek* and *Ross.* There is no specific reference to any progressive penalty statute in the general habitual offender statute. It also contrasts with the situations discussed in *Freeman* and *Devore* where, at the time those cases were decided, there was no specific reference to the driving while intoxicated progressive penalty statute.

### Conclusion

Having previously granted transfer thereby vacating the opinion of the Court of Appeals, we now reverse the decision of the trial court and remand this case to the trial court for further proceedings consistent with this opinion.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.

---

tive session to "insert language into the general habitual offender statute that [would] make it clear that a defendant whose conviction has been enhanced once is still eligible for habitual offender enhancement." Joel M. Schumm, *Recent Developments in Indiana Criminal Law and Procedure,* 34 Ind. L.Rev.

645, 662–63 (2001). As best as we can determine, the Legislature has moved in the opposite direction, removing certain offenses and categories of offenses from eligibility for enhancement under the general habitual offender statute. *See* Ind.Code § 35–50–2–8, as amended by P.L. 291–2001, § 226.