Dennis E. BEACH, Appellant,

v.

STATE of Indiana, Appellee.

No. 585S202.

Supreme Court of Indiana.

Aug. 6, 1986.

A. Martin Katz, Garry A. Weiss, Katz, Brenman & Angel, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Dennis E. Beach was tried before a jury and convicted of burglary, a class C felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.). He was also found to be an habitual offender, Ind.Code § 35–50–2–8 (Burns 1985 Supp.). The two year sentence imposed by the court for burglary was enhanced by thirty years by virtue of the habitual offender determination.

Appellant raises two issues in this direct appeal:

(1) Whether two convictions are "unrelated felonies" when the existence of the first felony conviction causes the second conviction to be a felony rather than a misdemeanor, and

(2) Whether application of the mandatory thirty year enhancement violates the prohibition against cruel and unusual punishment when the principal felony is of a nonviolent nature.

## I. Predicate Convictions

The State introduced two exhibits to establish that Beach was an habitual offender. One exhibit contained certified records which indicated that an Illinois court had given Beach a sentence of one year to one year and a day for burglary in 1976. The other exhibit documented that in 1980 Beach received a two year sentence in Illinois for unlawful use of weapons. The defendant testified during the habitual offender hearing, acknowledging this conviction and sentence.

At the sentencing hearing, defense counsel directed the court's attention to the nature of the second predicate felony conviction. Under Illinois law, unlawful use of a weapon is deemed to be a class A misdemeanor; if a felon commits the crime within five years of his conviction or release from prison, he "commits a class 3 felony." Ill.Ann.Stat. Chap. 38 § 24–1(a) 10, 38 § 24–1(b). Indiana has an analogous provision. *See,* Ind.Code § 35–47–2–23.

Appellant argues that the State failed to prove that he had two prior unrelated felony convictions. Since the second of the predicate offenses became a felony only because of his first predicate felony, he contends that the two offenses are "related" for the purposes of the habitual offender statute.

Beach maintains that the weapon offense does not in and of itself constitute a felony; it becomes a felony only due to the existence of a prior felony conviction. He contends that the "previous conviction of a crime should not be utilized as a basis for an adjudication of habitual criminality under a habitual criminal statute."

The Illinois appellate court has interpreted that state's statutory phrase "any felony"[1] to include only conduct which in its unenhanced state constitutes a felony and to exclude misdemeanor offenses that are enhanced to felony status. *People v.*

---

1. *Ill.Rev.Stat.,* ch. 38 § 1005–5–3.2(b)(1), (1979), provides that the court may impose an extended term sentence "... when a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within ten years, excluding time spent in custody, and such charges are separately brought and tried and arise out of a different series of acts."

*Grayson* (1983), 119 Ill.App.3d 252, 74 Ill. Dec. 943, 456 N.E.2d 664; *People v. Spearman* (1982), 108 Ill.App.3d 237, 64 Ill.Dec. 1, 438 N.E.2d 1320. In these cases, the enhanced sentence imposed by the trial court under the Illinois habitual offender statute was vacated by the appellate court because the sentence was deemed contrary to the legislative intent. Beach contends that the legislative intent of the Indiana statute is similarly manifested by the use of the word "unrelated."

We have previously found that a foreign state's classification of an offense as a felony or a misdemeanor is not relevant for purposes of establishing a prior felony conviction when determining habitual criminal status in Indiana. *Galmore v. State* (1984), Ind., 467 N.E.2d 1173; *Collins v. State* (1981), 275 Ind. 86, 415 N.E.2d 46, *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851. Under our recidivist statute, the predicate felonies must be "prior unrelated felony convictions." Ind.Code § 35–50–2–8 (Burns 1985 Supp.). The definition of a felony conviction in our statute seems broad and all-inclusive: "a conviction, in any jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one year ..." Ind.Code § 35–50–2–1 (Burns 1985 Repl.).

■ The phrase "unrelated felony" in our habitual offender statute means the predicate felony is not part of the *res gestae* of the principal offense, *Erickson v. State* (1982), Ind., 438 N.E.2d 269, and that the second predicate felony was committed after conviction of the first predicate felony. *Connell v. State* (1984), Ind., 470 N.E.2d 701. In the case at bar, appellant was arrested for burglary in 1975 and sentenced for this first predicate felony in 1976. He committed and was sentenced for the second predicate felony (unlawful use of weapon) in 1980. The instant offense (burglary) was committed in 1984. The sequence of events which Indiana requires to show that the prior felonies were "unrelated" clearly existed.

■ Indiana has a similar weapons provision which merely establishes the status of felon as another element of the crime which the state must prove in order to convict the defendant of a felony. This Court has already determined that a defendant may be convicted of unlawful possession as a felony by virtue of the commission of an earlier felony and then found to be an habitual offender using the same earlier conviction. The Court noted a "clear intent of the legislature ... that all persons who have been convicted of two prior felonies are subject to being found to be habitual offenders." *Woods v. State* (1984), Ind., 471 N.E.2d 691, 693.

## II. Cruel and Unusual Punishment

Appellant argues that the sentence imposed constitutes cruel and unusual punishment in violation of the Eighth Amendment. He maintains that a thirty-two year sentence is disproportionate to the principal offense of burglary. Beach contends that the nonviolent nature of the offense should be considered, rather than simply imposing an additional thirty year penalty on all defendants found to be habitual offenders.

■ This Court has previously held that the enhanced sentence provided for the recidivist offender by the habitual offender statute does not constitute cruel and unusual punishment. *Craig v. State* (1985), Ind., 481 N.E.2d 390. While the present offense may be characterized as nonviolent in nature, the sentence was enhanced by thirty years because defendant had previously been twice convicted of felonies. The decision to reduce the mandatory sentence of habitual offenders who commit nonviolent felonies is strictly a legislative determination. *Comstock v. State* (1980), 273 Ind. 259, 406 N.E.2d 1164. Provided minimum constitutional requirements are met, the determination of the length of a sentence is a matter of legislative policy. *Solem v. Helm* (1983), 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637; *Rummel v. Estelle* (1980), 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382; *Woods,* 471 N.E.2d at 693;

*Whitacre v. State* (1980), 274 Ind. 554, 412 N.E.2d 1202.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.