14 F.3d 604
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Dennis E. BEACH, Petitioner-Appellant,
v.
Daniel McBRIDE and Indiana Attorney General, Respondents-Appellees.
 No. 92-3263.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.*
Decided Jan. 12, 1994.
 
 Appeal from the United States District Court for the Northern District of Indiana, Hammond Division, Case No. H 92-11; Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Dennis E. Beach appeals the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254. Beach's two-year sentence for burglary was enhanced by thirty years pursuant to the state court's finding that Beach is a habitual offender under Indiana law. See Ind.Code Sec. 35-50-2-8. Beach raises the following challenges to the application of the Indiana habitual offender statute to his case: (1) the evidence presented was constitutionally insufficient to support the jury's finding that Beach's prior convictions constitute "two prior unrelated felonies," as required by the habitual offender statute; (2) his thirty-two year sentence was unconstitutionally disproportionate to the charged offense; (3) he received ineffective assistance of counsel at trial and on appeal; and (4) he has demonstrated cause and prejudice justifying his failure to challenge the constitutionality of one of the two underlying Illinois convictions used by the Indiana court to enhance his sentence.
 
 
 2
 Beach claims that the evidence in this case was insufficient to prove that he had committed two prior unrelated felonies within the meaning of Ind.Code Sec. 35-50-2-8. This claim raises a pure question of state law which was resolved in Beach v. State, 496 N.E.2d 43 (Ind.1986). In Beach, the Indiana Supreme Court held that two prior felonies are "unrelated" even if one of them was raised to felony status by the prior commission of the other. 496 N.E.2d at 45. Beach argues that several other states do not treat two prior convictions as "unrelated felonies" in cases where one of the convictions was used to raise the other to felony status. This argument is irrelevant to his federal constitutional claim. As the Supreme Court has recently reiterated, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); see also Fagan v. Washington, 942 F.2d 1155, 1158 (7th Cir.1991); Bates v. McCaughtry, 934 F.2d 99, 102-03 (7th Cir.), cert. denied, 112 S.Ct. 318 (1991).
 
 
 3
 Beach also contends that the admissible evidence was insufficient to prove beyond a reasonable doubt that he had been convicted of two prior felonies, as required to sustain his conviction for being a habitual offender. We must uphold Beach's conviction if the evidence, when viewed in the light most favorable to the state, establishes that "any trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see United States v. Briscoe, 896 F.2d 1476, 1504 (7th Cir.), cert. denied, 498 U.S. 863 (1990). Thus, it is "[o]nly when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt," that Beach's conviction becomes constitutionally suspect. Briscoe, 896 F.2d at 1504 (emphasis in original, internal quotations omitted). The record reveals that the jury convicted Beach of being a habitual offender on the basis of documentary evidence, some of which had not been properly authenticated under state rules of evidence, but also on the basis of Beach's own testimony concerning his two prior convictions.[1] The record thus contains sufficient evidence from which a rational jury could infer guilt, and Beach's constitutional challenge to that verdict must fail.[2]
 
 
 4
 Beach's Eighth Amendment challenge to the severity of his sentence on the ground that it is disproportionately long depends on whether the sentence constitutes an excessive punishment for Beach's habitual offender conviction. Where, as here, the state recidivist statute provides for the possibility of parole, a court may sentence an habitual offender to a term of life imprisonment without violating the Eighth Amendment. See Rummel v. Estelle, 445 U.S. 263, 284-85 (1980). Beach's challenge to the thirty-year term imposed under the Indiana statute is therefore meritless.
 
 
 5
 Beach next argues that he received ineffective assistance of counsel at trial and on direct appeal. In order to demonstrate ineffective assistance of counsel, Beach must show that counsel's performance was objectively unreasonable, see Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and that as a result, the outcome of the proceeding was unreliable or fundamentally unfair, see Lockhart v. Fretwell, 113 S.Ct. 838, 841, 844 (1993); see also Cuppett v. Duckworth, No. 89-1896, slip op. at 5-7 (7th Cir. Oct. 8, 1993) (en banc ). Beach claims that his trial counsel was ineffective because he made an improper objection to the introduction of documentary evidence in support of Beach's prior felony convictions. If counsel had made the proper objection, Beach contends, the evidence of the prior convictions would not have been admitted. This claim fails for two reasons. First, as the state post-conviction court observed,[3] Beach cannot meet the prejudice prong of Strickland because the remaining evidence introduced at trial was sufficient as a matter of state law to prove that Beach had been convicted of two prior felonies. See Bates, 934 F.2d at 102-03. Second, Beach has failed to show that counsel's error resulted in an outcome that was fundamentally unfair or unreliable. As discussed above, the admissible evidence of Beach's prior convictions, together with Beach's own testimony, was sufficient to satisfy the requirements of Jackson, 443 U.S. at 323-24. Beach's failure to demonstrate prejudice thus forecloses his ineffective assistance of trial counsel claim. Furthermore, because Beach based his ineffective assistance of appellate counsel claim upon counsel's failure to challenge his trial attorney's performance, he cannot meet the first prong of the Strickland test. Beach has therefore failed to show that appellate counsel was constitutionally ineffective.
 
 
 6
 Finally, Beach contends that his 1980 felony conviction was the product of an unconstitutionally obtained guilty plea, and thus may not serve as a predicate offense for purposes of Indiana's habitual offender statute, see Burgett v. Texas, 389 U.S. 109, 115 (1967). Beach further contends that he can demonstrate cause and prejudice for not having presented this claim to the Indiana courts in the first instance because the Indiana courts are not authorized to look beyond the face of the prior conviction to examine its constitutionality. This is a misstatement of Indiana law. Although Indiana presumes that a prior conviction in another state that is regular on its face was in fact constitutionally obtained (a permissible assumption under Parke v. Raley, 113 S.Ct. 517, 524-26 (1992); see also Cuppett, slip op. at 8), a defendant may nevertheless "raise as a defense in a proceeding under a recidivist statute the asserted invalidity of those prior convictions used to enhance his punishment if he can show ... [that a prior conviction was] constitutionally infirm." Morgan v. State, 440 N.E.2d 1087, 1088-89 (Ind.1982) (citing Burgett, 389 U.S. at 109, and Hall v. State, 405 N.E.2d 530 (Ind.1980)); accord, Smith v. State, 477 N.E.2d 857, 865 (Ind.1985); Haynes v. State, 436 N.E.2d 874, 875-76 (Ind.Ct.App.1982) (citing Boykin v. Alabama, 395 U.S. 238 (1969)).[4] Because Beach has failed to demonstrate cause for procedurally defaulting on this claim in state court, we are precluded from reaching its merits. See Keeney v. Tamayo-Reyes, 112 S.Ct. 1715, 1718-19 (1992) (citations omitted).
 
 
 7
 The denial of Beach's petition for a writ of habeas corpus is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Contrary to Beach's argument, the Indiana Supreme Court determined that the evidence presented was sufficient as a matter of state law to show that Beach had been convicted of one predicate offense in 1976 and the other predicate offense in 1980, thus establishing the requisite sequence of prior felony convictions under Ind.Code Sec. 35-50-2-8. See Beach, 496 N.E.2d at 45
 
 
 [2]
 Beach also claims that the presence in the jury room of inadmissible documents was so prejudicial that it rendered the jury's verdict suspect. This argument may be read as challenging Beach's habitual offender conviction on due process grounds. See McGuire, 112 S.Ct. at 480-81. Beach has not, however, carried his burden of showing that the admission into evidence of documents that were not properly authenticated rendered the outcome of his trial fundamentally unfair. See id. at 481 (quoting Spencer v. Texas, 385 U.S. 554, 563-64 (1967))
 
 
 [3]
 Beach v. State, No. 45A03-9005-PC-188 (Ind.Ct.App. June 24, 1991) (unpublished), aff'g Beach v. State, No. 4CR-76-376-284 (Lake County Ct. Aug. 16, 1989) (unpublished)
 
 
 [4]
 Cf. Morris v. State, 406 N.E.2d 1187, 1190 (Ind.1980) (defendant did not meet his burden of showing that prior convictions were unconstitutionally obtained, but merely argued that the state had failed to show that the prior convictions were constitutional)