ATTORNEY FOR APPELLANT
David C. Kolbe
Warsaw, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Arturo Rodriguez II
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 43S05-0910-CR-496

CLINT BELDON,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Kosciusko Superior Court, No. 43D03-0707-FD-94
The Honorable Joe V. Sutton, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 43A05-0805-CR-302

**May 5, 2010**

**Sullivan, Justice.**

The trial court used the same prior conviction to both elevate Clint Beldon's operating while intoxicated charge from a misdemeanor to a Class D felony and as a predicate offense for a habitual substance offender enhancement. While the general rule is that such "double enhancements" are not permitted absent explicit legislative direction, two of our decisions have held that direction exists in the circumstances of this case.

## Background

In 2007, the State charged Beldon with: Count I, operating a motor vehicle with at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per 100 milliliters of blood or 210 liters of breath, a Class C misdemeanor;[1] Count II, operating a motor vehicle while intoxicated in a manner that endangers a person, a Class A misdemeanor;[2] Count III, operating a motor vehicle while intoxicated, a Class C misdemeanor;[3] and Count IV, operating a motor vehicle with an alcohol concentration equivalent to at least fifteen-hundredths (0.15) gram of alcohol per one hundred milliliters of his blood, a Class A misdemeanor.[4]

As noted in the footnotes, these misdemeanors constituted violations of Indiana Code sections 9-30-5-1 and 9-30-5-2. Indiana Code section 9-30-5-3 provides that "a person who violates [I.C. § 9-30-5-1 or I.C. § 9-30-5-2] commits a Class D felony if . . . the person has a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation . . . ." In 2003, Beldon had been convicted of operating a motor vehicle while intoxicated, a Class D felony (the "2003 OWI conviction"). The State sought to have each of the four misdemeanors elevated to Class D felonies based on the 2003 OWI conviction and filed four additional counts alleging violations of Indiana Code section 9-30-5-3 to this end (Counts IA, IIA, IIIA, and IVA).

Indiana Code 35-50-2-10(b) authorizes the State to "seek to have a person sentenced as a habitual substance offender for any substance offense by alleging . . . that the person has accumulated two (2) prior unrelated substance offense convictions." An offense under Indiana Code section 9-30-5 is a "substance offense" for this purpose. The State sought to have Beldon sentenced as a habitual substance offender on the basis that Beldon had accumulated two prior unre-

---

[1] I.C. § 9-30-5-1(a).

[2] Id. § 2(b).

[3] Id. § 2(a).

[4] Id. § 1(b).

lated substance offense convictions: the 2003 OWI conviction and a conviction in 1992 for operating a vehicle while intoxicated, a Class D felony (the "1992 OWI conviction").

The jury convicted Beldon of Counts I, II, III, and IV. The jury reconvened for phase two of the trial where the State presented evidence of the 2003 OWI conviction. The jury found that Beldon had a previous conviction for purposes of the elevated charges, and found Beldon guilty of Counts IA, IIA, IIIA, and IVA. The jury reconvened for phase three of the trial where the State presented evidence of the 1992 OWI conviction. The jury found that Beldon was a habitual substance offender.

The trial court merged Counts I, II, III, and IV with Counts IA, IIA, IIIA, and IVA for purposes of sentencing; the trial court entered a single conviction on Count IIA, a Class D felony (I.C. § 9-30-5-3).[5] The court sentenced Beldon to three years on that count, which the court enhanced by six years, reflecting the jury's habitual substance offender adjudication.

Beldon appealed. He argued that the trial court erred when it used the same prior conviction to elevate a Class A misdemeanor charge to a Class D felony, and to support a habitual substance offender finding.[6]

---

[5] As such, judgment was entered for a Class D felony, for violation of Indiana Code section 9-30-5-3(a)(1) (violating Indiana Code section 9-30-5-2 (operating a motor vehicle while intoxicated in a manner that endangers a person) while having a previous conviction of operating while intoxicated that occurred within the five (5) years immediately preceding the occurrence of the violation). In such cases, the court's judgment, Chronological Case Summary, and SR-16 Abstract of Court Record should reflect that judgment was entered for a violation of Indiana Code section 9-30-5-3 (not Indiana Code section 9-30-5-1 or -2). This is because recording such convictions with reference to Indiana Code section 9-30-5-3 (rather than the underlying misdemeanor citation): (1) comports with the fact that alleged violations of Indiana Code section 9-30-5-3 constitute separate charges from alleged violations of Indiana Code section 9-30-5-1; (2) facilitates transmittal of conviction data to the BMV for recording driving violations; and (3) lessens the prospect of a claim that the sentence imposed is erroneous on its face because it is lengthier than could be imposed for a misdemeanor.

[6] Beldon raised three other issues on appeal: (1) whether the trial court abused its discretion by admitting a physician's video-taped deposition at trial in lieu of live testimony; (2) whether the State properly requested blood and urine test results pursuant to Indiana Code section 9-30-6-6; and (3) whether the trial court erred when it used the 2003 OWI conviction as an aggravating factor to support the imposition of a maximum sentence when it had already used it to elevate a Class A misdemeanor charge to a Class D felony and to support a habitual substance offender finding. Beldon v. State, 906 N.E.2d 895, 903 (Ind. Ct.

The Court of Appeals held that "the trial court erred by elevating his charge for operating a vehicle while intoxicated to a Class D felony based upon a prior conviction and enhancing his sentence based, in part, upon a habitual substance offender finding relying upon the same prior conviction." Beldon v. State, 906 N.E.2d 895, 903 (Ind. Ct. App. 2009).

We granted transfer. Beldon v. State, 919 N.E.2d 556 (Ind. 2009) (table).

**Discussion**

This Court has previously discussed the ways in which the appellate courts and the Legislature have dealt with individuals who have proven to be repeat or "habitual" criminals. Downey v. State, 770 N.E.2d 794 (Ind. 2002), described the three types of statutes authorizing more severe sentences than would otherwise be the case for individuals who have proven to be habitual criminals. The first type, the "general habitual offender statute," Indiana Code section 35-50-2-8, provides that a person convicted of three felonies[7] of any kind are called "habitual offenders." Habitual offenders are subject to an additional term of years beyond that imposed for the underlying felony. Downey, 770 N.E.2d at 795.

The second type, "specialized habitual offender statutes," applies where the predicate underlying offenses are of a common type. Id. Examples are found in Indiana Code section 9-30-10-4, which subjects "habitual traffic violators" to an additional term of years beyond that imposed for the underlying traffic violation; Indiana Code section 35-50-2-14, which applies to "repeat sexual offenders;" and the specialized habitual offender statute at issue in this case, Indiana Code section 35-50-2-10, which applies to "habitual substance offenders."

The third type, which we call "progressive penalty statutes," is even more specialized. Id. at 796. "Under this type, the seriousness of a particular charge (with a correspondingly more

---

App. 2009), reh'g denied. We summarily affirm the decision of the Court of Appeals as to these issues. Ind. Appellate Rule 58(A)(2).

[7] The felonies must be "unrelated" and have occurred "on three separate occasions."

4

severe sentence) can be elevated if the person charged has previously been convicted of a particular offense." Id. Examples of progressive penalty statues include Indiana Code section 35-48-4-11;[8] Indiana Code section 9-30-10-16 & 17;[9] and, at issue in this case, Indiana Code section 9-30-5-2 & 3.[10]

It should be apparent that what happened in this case was that the trial court elevated Beldon's Class A misdemeanor conviction under Indiana Code section 9-30-5-2(b) to a Class D felony using the "progressive penalty" provisions of Indiana Code section 9-30-5-3(a), which was available because of Beldon's 2003 OWI conviction. The trial court then sentenced Beldon to an additional term of years using the "specialized habitual offender" statute applicable to habitual substance offenders, which was available because of Beldon's 2003 and 1992 OWI convictions.

Beldon maintains that it was improper for the trial court to use the same prior conviction to elevate his operating while intoxicated charge from a misdemeanor to a Class D felony and as a predicate conviction supporting the habitual substance offender finding. The Court of Appeals agreed; it said that Mills v. State, 868 N.E.2d 446, 452 (Ind. 2007), "expressly stated that it was improper for a trial court to elevate a criminal charge based upon a prior conviction, and then enhance the sentence for that same charge by way of a habitual offender finding based upon the same prior conviction." Beldon, 906 N.E.2d at 903.

In Mills, the initial charge had been elevated using a progressive penalty statute. 868 N.E.2d at 447. Then the same conviction that had provided the predicate offense for the progressive penalty elevation served as a predicate offense for a habitual offender finding under the gen-

---

[8] The Class A misdemeanor possession of marijuana charge can be charged as a Class D felony if the person has a prior conviction involving marijuana. See I.C. § 35-48-4-11.

[9] The Class D felony operating a motor vehicle while driving with a suspended license can be charged as a Class C felony if the person charged has a prior conviction for operating while suspended. See I.C. § 9-30-10-16 & 17.

[10] A Class A misdemeanor operating a motor vehicle while intoxicated can be charged as a Class D felony if the person charged has a prior conviction for operating while intoxicated. See I.C. § 9-30-2-2 & 3.

eral habitual offender statute.  Id.  What we actually said in <u>Mills</u> was that a defendant convicted under a progressive penalty statute "may not have his or her sentence enhanced under the <u>general</u> habitual offender statute by proof of the same felony . . . ." used to elevate the underlying charge. <u>Id.</u> at 452 (emphasis supplied).

As such, <u>Mills</u> was different than the case before us.  Beldon's 2003 OWI conviction, which provided the predicate offense for the progressive penalty elevation of his misdemeanor conviction to a felony, was used as a predicate offense for the <u>specialized</u> habitual offender finding, not, as in <u>Mills</u>, for a <u>general</u> habitual offender finding.  <u>Mills</u>, therefore, does not control the outcome of this case.

The State contends that it was proper for the trial court to: (1) elevate Beldon's misdemeanor for operating a vehicle while intoxicated to a Class D felony based on the 2003 OWI conviction; and (2) use the 2003 OWI conviction as a predicate offense for the habitual substance offender enhancement.  If such a conviction could not be used as a predicate offense for the general habitual offender enhancement in <u>Mills</u>, what is the difference between a general habitual offender enhancement and a specialized habitual offender enhancement that would warrant a different outcome?

The answer was provided in <u>Mills</u>,[11] but even more so in <u>Downey</u> which preceded it.  In <u>Downey</u>, we held that the habitual substance offender statute explicitly permits a habitual substance offender enhancement to be imposed on a person convicted of three unrelated substance offenses.  770 N.E.2d at 798.  Before reaching this conclusion, we stated the general rule that "<u>absent explicit legislative direction</u>, a sentence imposed following conviction under a progressive penalty statute may not be increased further under either the general habitual offender statute or a specialized habitual offender statute."  <u>Id.</u> at 796.

We went on to recount the Legislature's amendment of the habitual substance offender statue in 1996 to provide the requisite "explicit legislative direction" following the <u>Freeman v.</u>

---

[11] 868 N.E.2d at 451-52.

State, 658 N.E.2d 68 (Ind. 1995), and <u>Devore v. State</u>, 657 N.E.2d 740 (Ind. 1995), decisions.[12] <u>Id.</u> at 797. The amendment provided that prior convictions for operating a vehicle while intoxicated, including those where the charge had been elevated because of a prior conviction, properly served as predicate offenses for habitual substance offender enhancements. <u>Haymaker v. State</u>, 667 N.E.2d 1113, 1115 (Ind. 1996).

<u>Mills</u> made clear that "the general rule against double enhancements 'absent explicit legislative direction'" remains intact. 868 N.E.2d at 452. As the Legislature had provided no such direction to the contrary, the underlying elevated conviction in that case could not be further enhanced by the general habitual offender statute. But we have already held in <u>Downey</u> (and, for that matter, in <u>Haymaker</u>) that the requisite legislative direction exists to authorize an underlying elevated conviction to be enhanced by the specialized habitual substance offender enhancement. The Court of Appeals was mistaken to hold otherwise.

Beldon makes an additional argument for relief independent of the reasoning adopted by the Court of Appeals. Referencing the requirement of the habitual substance offender statute that the predicate substance offense convictions must be "unrelated" to the instant offense, Beldon argues that the 2003 OWI conviction and the instant offense are not "unrelated" because the former was used to enhance the latter. Said differently, the two are not "unrelated," he maintains, because the second conviction would not have even been a felony unless it had been elevated using the first.

In <u>Beach v. State</u>, the defendant argued that two convictions were not "unrelated felonies" when the existence of the first felony conviction caused the second conviction to be a felony rather than a misdemeanor. 496 N.E.2d 43, 44 (Ind. 1986). In substance, this is the same as Beldon's argument; only the sequencing of the felonies is different. (Beach argued that the first and second offenses were related because the first had been used to elevate the second; Beldon argues that the second and third offenses are related because the second was used to elevate the third.) <u>Beach</u> rejected this construct and instead held that:

---

[12] <u>Freeman</u> and <u>Devore</u> held that that using the habitual substance offender statute to further increase a sentence under a progressive penalty statute was impermissible. 658 N.E.2d at 71; 657 N.E.2d at 742.

"unrelated felony" in our habitual offender statute means the predicate felony is not part of the res gestae of the principal offense, Erickson v. State (1982), Ind., 438 N.E.2d 269, and that the second predicate felony was committed after conviction of the first predicate felony. Connell v. State (1984), Ind., 470 N.E.2d 701.

496 N.E.2d at 45.  We adhere to Beach; the offenses are unrelated.

## Conclusion

We affirm the judgment of the trial court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.