

FILED
Apr 07 2015, 5:57 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Romy N. Elswerky
Gibson Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John W. Light,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 7, 2015

Court of Appeals Cause No.
79A02-1409-CR-637

Appeal from the Tippecanoe Superior Court.

The Honorable Randy J. Williams, Judge.

Cause No. 79D01-1403-FC-12

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, John W. Light (Light), appeals his sentence following an open plea, in which he pled guilty to Count I, operating a motor vehicle while privileges are forfeited for life, a Class C felony, Ind. Code § 9-30-10-17 (2013); Count II, operating a vehicle while intoxicated, a Class A misdemeanor, I.C. § 9-30-5-2; and his adjudication as a habitual substance offender, I.C. § 35-50-2-10(b)[1].

We affirm.

## ISSUE

Light raises one issue on appeal, which we restate as follows:  Whether the trial court erred when it ordered Light's conviction for operating a motor vehicle while privileges are forfeited for life to be served consecutively to his habitual substance offender sentence enhancement, attached to his Class A misdemeanor conviction.

## FACTS AND PROCEDURAL HISTORY

On October 18, 2013, the State filed an Information charging Light with Count I, operating a motor vehicle while privileges are forfeited for life, a Class C felony, I.C. § 9-30-10-17 (2013); and Count II, operating a vehicle while intoxicated, a Class A misdemeanor, I.C. § 9-30-5-2.  On December 17, 2013,

---

[1] This statute was repealed by P.L. 158-2013, § 664, eff. July 1, 2014.

the State filed an amendment to the Information, adding a habitual substance offender charge. On July 14, 2014, Light pled guilty to all charges in an open plea. On August 14, 2014, the trial court imposed an executed six years sentence for Class C felony operating while forfeited for life, and an executed one-year sentence on the Class A misdemeanor operating a vehicle while intoxicated. The trial court enhanced the Class A misdemeanor by six-years for the habitual substance offender (HSO) adjudication, with three years executed and three years suspended. The trial court ordered the sentences to run consecutively, for an aggregate sentence of thirteen years.

[5] Light now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[6] Light contends that the trial court erred by ordering his conviction for operating a motor vehicle while privileges are forfeited for life and his HSO sentence enhancement, attached to his Class A misdemeanor conviction, to be served consecutively. He maintains that the imposition of the consecutive sentences of the HSO enhancement with his sentence for operating a vehicle for life constitutes an impermissible double enhancement.

[7] Indiana courts have previously discussed the ways in which the Legislature has dealt with individuals who have proven to be repeat or habitual criminals. The first type, the general habitual offender statute, I.C. § 35-50-2-8 (2013), provides that a person convicted of three felonies of any kind are classed as "habitual offenders." *Beldon v. State*, 935 N.E.2d 480, 482 (Ind. 2010). Habitual offenders

are subject to an additional term of years beyond that imposed for the underlying felony. *Id.* The second type, specialized habitual offender statutes, applies where the predicate underlying offenses are of a common type. *Id.* Examples are found in I.C. § 9-30-10-4 (2013), which subjects habitual traffic violators to an additional term of years beyond that imposed for the underlying traffic offense, and the statute at issue in this case, I.C. § 35-50-2-10 (2013), which applies to habitual substance offenders. *Id.* The third and final type, the progressive penalty statutes, is even more specialized. *Id.* "Under this type, the seriousness of a particular charge (with a correspondingly more severe sentence) can be elevated if the person charged has previously been convicted of a particular offense." *Id.* (quoting *State v. Downey*, 770 N.E.2d 794, 795 (Ind. 2002)). Examples of progressive penalty statutes include the statute at issue here, I.C. § 9-30-10-17.

[8] Light pled guilty to a Class C felony, operating a motor vehicle while privileges are forfeited for life, based on the same underlying conviction in Cause No. 79E01-0006-DF-190 (Cause DF-190) of March 11, 2002, as well as a Class A misdemeanor conviction with an HSO enhancement. "A person is a HSO if the individual has accumulated at least two prior unrelated substance offense convictions. *See* I.C. § 35-50-2-10(b). According to the charging Information, Light's HSO enhancement is predicated on three prior unrelated substance offenses: (1) Cause DF-190, operating while intoxicated, on March 11, 2002; (2) Cause No. 12D01-9410-CF-89 (Cause CF-89), operating while intoxicated, on September 30, 1995; and (3) and Cause No. 12D01-9301-CM-32 (Cause

CM-32), operating while intoxicated, on May 10, 1993. Accordingly, only the progressive penalty statute and the specialized habitual offender statute are implicated in this case.

[9] As a general rule, "absent explicit legislative direction, a sentence imposed following conviction under a progressive penalty statute may not be increased further under either the general habitual offender statute or a specialized habitual offender statute." *Beldon*, 926 N.E.2d at 483. Although *Beldon* further holds that "the requisite legislative direction exists to authorize an underlying elevated conviction to be enhanced by an HSO enhancement, even if the same prior conviction was used to support both enhancements, we need not go there as the trial court did not attach the HSO enhancement to Light's Class C progressive penalty conviction, but rather to his conviction for the Class A misdemeanor conviction, operating a vehicle while intoxicated. *Id*. at 484.

[10] Thus, the only issue before us is whether it is permissible to run the HSO enhanced sentence consecutively to the sentence for operating while forfeited for life, which was itself already enhanced under a progressive penalty statute. In *Sweatt v. State*, 887 N.E.2d 81, 84 (Ind. 2008), the defendant's sexually violent felon (SVF) conviction and his status as a habitual offender were both based on the same prior rape conviction. The habitual offender enhancement was applied to the defendant's conviction for burglary, not his SVF conviction. *Id*. Our supreme court held that this "d[id] not . . . create a double enhancement" because the prior rape conviction supported enhancements that operated on separate counts. *Id*. at 84. However, the court held that "where

separated counts are enhanced based on the same prior felony conviction, ordering the sentences to run consecutively has the same effect as if the enhancements both applied to the same count." *Id.*

[11] Although the trial court seemingly relied on the same Cause DF-190 to support both enhancements, we note that the underlying predicate offense arising out of Cause DF-190 is different for each enhancement. For the Class C felony enhancement, the predicate offense is operating a motor vehicle after driving privileges are forfeited for life, while the predicate offense for the HSO enhancement is a conviction for operating while intoxicated with a prior conviction.[2] Nevertheless, the State was merely required to establish two prior unrelated substance offenses for the HSO enhancement. Thus, even though the State established three such offenses to sustain a valid HSO enhancement, it needed only two. Consequently, Cause DF-190 was entirely unnecessary to support Light's HSO enhancement. Unlike *Sweatt*, Light's two enhancements were not based on the same prior felony convictions: his Class C felony enhancement is based on the underlying Cause DF-190; while his HSO enhancement is based on the underlying Cause CF-89 and Cause CM-32. *See Brock v. State*, 983 N.E.2d 636, 642 (Ind. Ct. App. 2013), *reh'g denied* (when two separate enhancements are not based on the same prior felony conviction,

---

[2] In *Dye v. State*, 984 N.E.2d 625, 629 (Ind. 2013), our supreme court expanded the doctrine to hold that when two felonies arise out of the same conviction, which are unrelated and not part of the same *res gestae*, then each felony is independently viewed and not considered the same prior conviction for purposes of enhancement. However, today we need not analyze whether the two felonies arising out of Cause DF-190 meet these requirements as we affirm the trial court on a different ground.

*Sweatt* is not controlling and the trial court's imposition of consecutive sentences is not an improper double enhancement).  We therefore conclude that the trial court's imposition of consecutive sentences does not constitute an improper double enhancement under the facts and circumstances of the present case.

## CONCLUSION

[12] Based on the foregoing, we hold that the trial court properly ordered Light's sentences to run consecutively.

[13] Affirmed.

[14] Baker, J. concurs

[15] Vaidik, C. J. concurs in result