## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 31 2018, 9:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren D. Bedwell
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James E. Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 31, 2018

Court of Appeals Case No.
18A-CR-26

Appeal from the Marion Superior
Court

The Honorable Stanley E. Kroh,
Magistrate

Trial Court Cause No.
49G03-1611-F1-45794

**Bailey, Judge.**

# Case Summary

James E. Jones ("Jones") was found guilty of Unlawful Possession of a Firearm by a Serious Violent Felon, a Level 4 felony ("SVF"),[1] and determined to have the status of a habitual offender.[2] The trial court sentenced Jones to six years in the Indiana Department of Correction, and imposed an additional twelve years as a habitual-offender sentence enhancement. Jones now appeals, challenging the enhancement of his sentence. He argues that the enhancement is improper because the felonies supporting the enhancement are not unrelated, and that he has been subjected to an impermissible "double enhancement."

We affirm.

# Facts and Procedural History

After a shooting occurred on November 16, 2016, Jones became a suspect, and officers from the Indianapolis Metropolitan Police Department ("IMPD") began surveilling a residence and a truck parked near the residence that was associated with Jones. On November 22, 2016, IMPD officers observed Jones getting into the truck, and ordered Jones to exit. Jones then exited the truck while leaving the door open, which revealed a handgun on the floorboard.

---

[1] Ind. Code § 35-47-4-5.

[2] I.C. § 35-50-2-8.

[4] Jones was arrested, and charged with Attempted Murder and Aggravated Battery based upon allegations concerning the November 16 shooting. The State also charged Jones with two counts of SVF; one related to possessing a gun on November 16, and the other related to possessing the gun in the truck on November 22. The State further alleged that Jones was a habitual offender.

[5] In September 2017, the Attempted Murder and Aggravated Battery counts were tried to a jury, which found Jones not guilty. Thereafter, Jones agreed to waive his right to a jury trial on the remaining allegations, in exchange for dismissal of the SVF count related to November 16. The court dismissed that count, and, following a bench trial, determined that Jones (1) was guilty of the remaining SVF count; and (2) had the status of a habitual offender. The SVF count was supported by evidence indicating that Jones had a prior conviction for Dealing in Cocaine. The habitual-offender allegation was supported by evidence indicating that Jones had a 1991 felony conviction for Burglary and a 1995 felony conviction for Carrying a Handgun Without a License; the latter of which had been elevated to a felony because of the 1991 conviction. At trial, Jones argued that these two felonies were not "unrelated" and therefore did not support an enhancement under the habitual-offender statute.

[6] Following a sentencing hearing, the trial court imposed a sentence of six years on the SVF count and ordered a twelve-year sentence enhancement. All eighteen years were to be served in the Indiana Department of Correction.

[7] Jones now appeals.

# Discussion and Decision

[8] This case involves the interplay between two systems addressing recidivism: the general "habitual offender" statute and "progressive penalty" statutes. Under the former, an enhanced sentence is available when a defendant qualifies as a habitual offender. *See generally* I.C. § 35-50-2-8. Under the latter, "the seriousness of a particular charge (with a correspondingly more severe sentence) can be elevated if the person charged has previously been convicted of a particular offense." *State v. Downey*, 770 N.E.2d 794, 796 (Ind. 2002).

[9] To obtain the instant habitual-offender enhancement, the State was obligated to prove that Jones had "been convicted of two (2) prior unrelated felonies" and that "at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony." I.C. § 35-50-2-8(b). On appeal, Jones primarily focuses on whether his predicate offenses were "unrelated." This is a question of law, which we review *de novo*. *Day v. State*, 57 N.E.3d 809, 811 (Ind. 2016).

[10] The habitual offender statute provides, in pertinent part:

> A person has accumulated two (2) . . . prior unrelated felony convictions for the purposes of this section only if:
>
> > (1) the second prior unrelated felony conviction was committed after commission of and sentencing for the first prior unrelated felony conviction; [and]
> >
> > (2) the offense for which the state seeks to have the person sentenced as a habitual offender was committed after

> commission of and sentencing for the second prior
> unrelated felony conviction.

I.C. § 35-50-2-8(f). When applying a previous version of the statute, our supreme court observed that "[t]he phrase 'unrelated felony' . . . means the predicate felony is not part of the *res gestae* of the principal offense, and that the second predicate felony was committed after conviction of the first predicate felony." *Beach v. State*, 496 N.E.2d 43, 45 (Ind. 1986) (internal citation omitted). In this context, *res gestae* denotes acts that are part of an uninterrupted transaction. *Dye v. State*, 984 N.E.2d 625, 629 (Ind. 2013) ("*Dye II*").

[11] Here, the State presented evidence that, in 1991, Jones was convicted of Burglary, as a Class B felony. The State also presented evidence that, in 1995, Jones was convicted of Carrying a Handgun Without a License, as a Class C felony—an offense that Jones committed after he was sentenced for the first felony. Due to a progressive-penalty scheme, the 1995 offense was elevated from a misdemeanor to a felony because of Jones's 1991 felony conviction. Based on this connection between the offenses, Jones argues that the felonies are not "unrelated," rendering his enhancement improper.

[12] Our Indiana Supreme Court rejected this line of argument in *Beach*. That case involved a burglary committed in 1984. *Beach*, 496 N.E.2d at 45. The State sought a habitual-offender enhancement based on (1) a burglary for which the defendant was sentenced in 1976 and (2) unlawful use of a weapon committed in 1980, where the offense had been elevated to a felony because of the prior burglary. *Id.* at 44-45. The defendant argued that the prior felonies were not

unrelated because "the first felony conviction cause[d] the second conviction to be a felony rather than a misdemeanor." *Id.* at 44. In resolving the case, the *Beach* Court evaluated the "sequence of events" and determined that the felonies were "clearly" unrelated in the sense contemplated by the statute. *Id.* at 45. In doing so, the Court "noted a 'clear intent of the legislature . . . that all persons who have been convicted of two prior felonies are subject to being found to be habitual offenders.'" *Id.* (quoting *Woods v. State*, 471 N.E.2d 691, 693 (Ind. 1984)); *see also Marsillett v. State*, 495 N.E.2d 699, 705 (Ind. 1986) ("The purpose of this enhancement is to penalize more severely those persons whom prior sanctions have failed to deter from committing felonies.").

[13]   In attempting to distinguish *Beach*, Jones questions the clarity of the legislature's intent based upon developments after the case was decided, and argues that there is ambiguity in the definition of "unrelated." Jones cites to *Mills v. State*, in which the Indiana Supreme Court identified "an ongoing dialogue between Indiana's appellate courts and the Legislature on the general question of when a court may impose more severe sentences than would otherwise be the case on criminals because they have proven to be 'repeat' or 'habitual' offenders." 868 N.E.2d 446, 448 (Ind. 2007). Yet, years after discussing those developments in *Mills*, the Indiana Supreme Court returned to *Beach* when evaluating the relatedness of certain offenses. *See Beldon v. State*, 926 N.E.2d 480, 484 (Ind. 2010) ("We adhere to *Beach*; the offenses are unrelated."). Ultimately, *Beach* directs our resolution of this issue: the use of one predicate offense to elevate another does not affect whether the offenses are "unrelated." Instead, the

question of whether offenses are "unrelated" involves an evaluation of *res gestae* and the sequence of events. *See Beach*, 868 N.E.2d at 45; *Beldon*, 926 N.E.2d at 484.[3] Thus, Jones has not demonstrated that his enhancement is improper due to the connection between the predicate offenses or any alleged ambiguity.[4]

[14] Jones also appears to argue that use of the predicate offenses produced an impermissible double enhancement. Jones directs us to *Mills* for the proposition that "absent explicit legislative direction, a sentence imposed following conviction under a 'progressive penalty statute' may not be increased further under either the general habitual offender statute or a specialized habitual offender statute." 868 N.E.2d at 451. This is the general rule against "double enhancements," which remains intact. *See Beldon*, 926 N.E.2d at 484 (citing *Mills*, 868 N.E.2d at 452). In challenging his enhancement, Jones briefly asserts that "explicit authorization for multiple sentence enhancements under progressive penalty schemes . . . is lacking in this case." Appellant's Br. at 16.

[15] Double-enhancement issues arise when "more than one" type of statutory system addressing recidivism "is applied to the defendant at the same time."

---

[3] As to that evaluation, Jones asserts that the "prior burglary conviction was part of the *res gestae* of the handgun offense because it was an essential element of the felony" in that it was "one of the 'things done' to elevate the handgun charge to [a] felony." Appellant's Br. at 16. Yet, Jones has failed to demonstrate that any of the pertinent offenses were part of the same uninterrupted transaction. *See Dye II*, 984 N.E.2d at 629.

[4] We note also that in the more than thirty years since *Beach* was decided—and in the years since *Beldon* relied upon *Beach*—the legislature has not amended the habitual-offender statute in a way undermining our supreme court's interpretation of "unrelated." *See Layman v. State*, 42 N.E.3d 972, 978 (Ind. 2015) (observing that a judicial interpretation of a statute, accompanied by legislative inaction for a considerable time, may be understood to signify the legislature's acquiescence and agreement with the judicial interpretation).

*See Dye v. State*, 972 N.E.2d 853, 857 (Ind. 2012), *affirmed on reh'g*. In applying the general rule against double enhancements, we first determine whether the present conviction was obtained pursuant to a progressive-penalty scheme or a specialized habitual-offender scheme. *Id.* at 858. "If not, then there is no double-enhancement problem." *Id.*

[16]  Here, double-enhancement concerns were implicated in that the SVF statute is considered a progressive-penalty statute, and Jones received an enhanced sentence upon his SVF conviction. *See Dye*, 972 N.E.2d at 858. Yet, in such instances, there is a double-enhancement problem only if the State used the same felony to support the SVF conviction and the enhancement. *See Mills*, 868 N.E.2d at 452; *see also Dye II*, 984 N.E.2d at 630 ("[A] person convicted of unlawful possession of a firearm by a serious violent felon may not have his or her sentence enhanced under the general habitual offender statute by proof of the same felony used to establish that the person was a serious violent felon."). That is not what happened here, and Jones has failed to articulate how the enhancement of his conviction constituted an improper double enhancement.

[17]  However, to the extent that Jones is arguing that an enhancement cannot rely upon a predicate felony that was itself elevated, our legislature has provided as follows: "a prior unrelated felony conviction may be used to support a habitual offender determination even if the sentence for the prior unrelated offense was enhanced for any reason, including an enhancement because the person had been convicted of another offense." I.C. § 35-50-2-8(e). In *Olatunji v. State*, this Court determined that this language clarified "the legislature's original intent"

that "a misdemeanor enhanced to a felony . . . may itself serve as a predicate habitual offender felony." 788 N.E.2d 1268, 1272 (Ind. Ct. App. 2003), *trans. denied*. The Court also noted that the concern with double enhancement relates to the enhancement of a present conviction, and that the "concern has never been applied to a situation where a predicate habitual offender felony was itself enhanced for whatever reason." *Id.* at 1273.

[18] Ultimately, we are not persuaded that the enhancement is improper.

[19] Affirmed.

Mathias, J., and Bradford, J., concur.